[No. 22300.   Department Two.   August 12, 1930.]

DAVID T. ROBINSON, *Appellant*, v. FRANK McHUGH
*et al., Respondents.*[1]

*Thomas F. Ray* and *J. Charles Dennis*, for appellant.
*H. G.* and *Dix H. Rowland*, for respondents.
*Eggerman & Rosling, amici curiae.*

FRENCH, J.—The appellant, an employee of the city of Tacoma working in the light department, was injured the 19th day of April, 1929, and elected to sue

[1]Reported in 291 Pac. 330.

respondents, claiming the right so to do under the workmen's compensation act. The essential parts of the complaint material to this appeal are as follows:

"II.

"That on or about the 19th day of April, A. D. 1929, the defendants herein as a community were engaged in the business of managing and operating a gasoline shovel in the city of Tacoma under the name of Coast Contractors.

"III.

"That the plaintiff herein, on the said 19th day of April, 1929, at about the hour of 8:45 in the forenoon, was in the employ of the city of Tacoma as a lamp trimmer. That, in the performance of his duty as a lamp trimmer aforesaid, plaintiff placed a twelve-foot ladder from the sidewalk against a light post on South Commerce street in the city of Tacoma, near the corner of South 7th street. That he ascended said ladder and had reached a position on the same about ten feet above the ground, when a gasoline shovel owned by the defendant and operated by the defendant struck the light post and the ladder with such force as to break the same and throw plaintiff to the hard pavement, injuring him severely."

Paragraph IV related to the injuries of plaintiff, and paragraph V set forth various grounds of negligence of the McHughs and also alleged that the McHughs were actually engaged in moving this heavy gasoline shovel from one point in the city of Tacoma to another point, the actual destination being unknown to plaintiff.

To this complaint a demurrer was sustained, judgment entered and this appeal follows:

The question involved is the construction of that portion of the workmen's compensation act contained in the Laws of 1929, ch. 132, § 1, p. 326, reading as follows:

"*Provided, however,* That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman . . . shall elect

whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act the cause of action against such other shall be assigned to the state for the benefit of the accident fund: . . . *Provided, however, That no action may be brought against any employer or any workman under this act . . . if at the time of the accident such employer or such workman was in the course of any extrahazardous employment under this act.* Any such cause of action assigned to the state may be prosecuted or compromised by the department, in its discretion." (Italics ours.)

It is the contention of the respondent and the holding of the trial court that, because this action was not commenced until July 3, 1929, some twenty days after the taking effect of the act, that portion of the act above italicized, by its terms, prohibits such an action, it affirmatively appearing from the face of the complaint that the respondents, McHugh, are contributors to the workmen's compensation fund, and were actually, at the time of the injury, engaged in moving machinery, an occupation listed as extrahazardous; while it is the contention of the appellant that the accident in question having taken place in April, 1929, some weeks prior to the taking effect of the amendment to the workmen's compensation act, above quoted, such amendment has no application.

The original workmen's compensation act contained in ch. 74, Laws of 1911, p. 345 (Rem. Comp. Stat., §§ 7673, 7675), provides:

"Section 1. . . . The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extra hazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or com-

pensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided. . . .

"Sec. 3. . . . *Provided, however,* That if the injury to a workman *occurring away from the plant of his employer* is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case. Any such cause of action assigned to the state may be prosecuted, or compromised by the department, in its discretion. Any compromise by the workman of any such suit, which would leave a deficiency to be made good out of the accident fund, may be made only with the written approval of the department." (Italics ours.)

That portion of § 3 above quoted remained the law until 1927, when the legislature, by ch. 310, Laws of 1927, p. 813 (Rem. 1927 Sup., § 7674) amended it by omitting the italicized words contained in the section above quoted.

The workmen's compensation act, both as passed in 1911 and by all subsequent amendments thereto, has recognized that:

"There is a hazard in all employment, but certain employments have come to be, and to be recognized as being inherently constantly dangerous. This act is intended to apply to all such inherently hazardous works and occupations, and it is the purpose to embrace all of them, which are within the legislative jurisdiction of

the state, in the following enumeration, and they are intended to be embraced within the term 'extra hazardous' wherever used in this act, to wit: . . . [among other occupations] telegraph, telephone, electric light or power plants or lines . . ."

Appellant, at the time of his injury, as appears from the complaint, was actually engaged at his occupation as a light trimmer and was actually on a ladder placed against a light post. That he was actually on the premises of his employer, is settled by the case of *Zenor v. Spokane & Inland Empire R. Co.,* 109 Wash. 471, 186 Pac. 849, and *Diblasio v. Hunter,* 124 Wash. 98, 213 Pac. 470. The injury having taken place on the plant of the employer, it is certain that, subsequent to the enactment of the workmen's compensation act of 1911, and until the time of the amendment of such act in 1927, no action could have been maintained by appellant for an injury such as this. In the case of *Zenor v. Spokane & Inland Empire R. Co., supra,* we said:

"From the beginning, this court has construed the act as meaning what it says; *i. e.,* that the common law right of action for damages accruing from an injury received by a workman in the course of his employment is abolished, except as in the act otherwise provided, *State ex rel. Davis Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101; 37 L. R. A., (N. S.) 466, 2 N. C. C. A., 823, 3 N. C. C. A. 599; *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685, Ann. Cas. 1915D, 154, L. R. A. 1916A, 358; *Ross v. Erickson, Construction Co.,* 89 Wash. 634, 155 Pac. 153, L. R. A. 1916F, 319; *Stertz v. Industrial Insurance Commission,* 91 Wash. 588, 158 Pac. 256, Ann. Cas. 1918B, 354, . . ."

What right, then, was given to the workman by the 1927 amendment? That amendment reads:

". . . *Provided, however,* That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, or if

death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; . . . . '' Laws of 1927, ch. 310, § 2, p. 816 (Rem. 1927 Sup., § 7675).

All that was given to the workman when injured by the negligent act of a third party was the statutory right of election to sue such third party for such injury (this being a right which had theretofore been taken away from him). By the amendment of 1929 above quoted, it was provided that, where injured by the negligent act of a third party, if such third party was an employer engaged in any extrahazardous employment, no action might be brought. It plainly appears that, under the circumstances of this case, no action could have been brought for this injury prior to the taking effect of the 1927 amendment, and certainly no action could be brought for any injury happening after the taking effect of the 1929 amendment.

The sole question remaining, then, is as to the effect of the 1929 amendment on accidents which had happened prior to June 12, 1929, the date on which the 1929 amendment took effect, no action having been brought prior to that date. The effect of language such as is used in this act was construed by this court in *Bruenn v. North Yakima School Dist. No. 7,* 101 Wash. 374, 172 Pac. 569. The wording of the act there construed was ''No action shall be brought or maintained against any school district or its officers for any non-contractual acts or omission of such district, . . . '' The case was heard *En Banc,* and, in the course of the decision, it was stated that:

''The word 'brought' obviously applies to all actions which had not been instituted prior to the time the act took effect whether the cause of action had arisen at that time or not.''

The decision was followed in *Foley v. Pierce County School Dist. No. 10,* 102 Wash. 50, 172 Pac. 819.

Again, in *Bailey v. School Dist. No. 49,* 108 Wash. 612, 185 Pac. 810, it was stated:

"Appellant states the question; 'Does the legislative act of 1917 apply to a cause of action which had fully accrued prior to the passage of the act, an action upon the same being pending in the superior court at the time the act went into effect?' and insists that a negative answer is demanded, for the reason that a retroactive effect should not be given to the act, and if so given, the act is unconstitutional as taking property without due process of law.

"The argument of appellant is, in the main, answered by our holdings in the cases of *Bruenn v. North Yakima School District No. 7,* 101 Wash. 374, 172 Pac. 569; *Foley v. Pierce County School District No. 10,* 102 Wash. 50, 172 Pac. 819; and *Holt v. School District No. 71,* 102 Wash. 442, 173 Pac. 335; and that answer is that the appellant can not 'maintain' his action. The answer to the alleged unconstitutionality of the act would seem to lie in the fact that the right to maintain a tort action against a municipality is not a vested right in property. The right to sue the school district, before the passage of the act of 1917, rested entirely upon the statute giving such right, and to repeal that statute destroys no vested rights. The authorities relied on by the appellant do not deal with rights of action against municipalities which are solely the creation of statutes, but refer to vested rights as defined in *Pritchard v. Norton,* 106 U. S. 124:

" 'Hence it is that a vested right of action is property in the same sense in which tangible things are property, and is equally protected against arbitrary interference. *Whether it springs from contract or from the principles of the common law,* it is not competent for the legislature to take it away.'

"The appellant had no vested right, prior to judgment, in a policy of legislation which entitled him to insist that that policy be maintained for his benefit . . ."

It seems to us that the reasoning in the school district cases above cited is peculiarly applicable to the case at bar; the only difference between this case and the school district cases above cited being that, in the school district cases, no right of action existed at common law, but the right to sue had been granted by statute; while in the instant case, prior to the enactment of the workmen's compensation act in 1911, appellant would have had a common law right of action; but this common law right of action had been taken away by the 1911 act, and no longer existed after that time, and the right to elect whether to take under the workmen's compensation act or to sue the wrong doer had been granted by the 1927 amendment, thus, in legal effect, we think, creating the same situation in the instant case as in the school district cases.

Where a tort action can be *brought only by virtue of a statute,* there can be no vested right therein, and the legislature may take away the right at any time. That it was the intention of the legislature to take away the right of action can hardly be questioned. The language itself providing that "no action may be brought" would so indicate. The subsequent language in the act, that "this act shall not affect any appeal pending or right of appeal existing at the time this act shall take effect," further accentuates the idea that the legislature intended to cut off all civil actions such as this from the time the amendatory act became effective. We can reach no other conclusion than that this action, not having been brought prior to June 12, 1929, is effectually barred by the statute of 1929, and the demurrer was, therefore, properly sustained.

Affirmed.

MITCHELL, C. J., MAIN, and FULLERTON, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent.

The reasoning in the school district cases cited and relied upon in the majority opinion is not applicable to the case at bar.

In those cases, the fundamental principle underlying the reasoning and the decisions was that a sovereign state or any of its subdivisions can only be sued by consent of the sovereign. That consent can be given or taken away at will. It can be denied as well after a tortious injury as before, for the reason that there never was a common law liability lying against the sovereign or its subdivisions. As was said in the *Bailey* case, quoted in the majority opinion:

". . . the right to maintain a tort action against a municipality is not a vested right in property. The right to sue the school district, before the passage of the act of 1917, rested entirely upon the statute giving such right, and to repeal that statute destroys no vested rights. . . .

"The appellant had no vested right, prior to judgment, in a policy of legislation which entitled him to insist that that policy be maintained for his benefit."

In that decision there was quoted with approval from *Beers v. Arkansas*, 61 U. S. (20 How.) 527, the following:

"It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts, or in any other, without its consent and permission; but it may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or by another state. And as this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may suppose that justice to the public requires it."

The above cited and quoted case involved the right to repeal a law giving a right of action against the

state while such action was pending, thereby abating the action.

Here, there is no question of sovereignty involved. The original workmen's compensation act of 1911 authorized an election on the part of an injured person, who was under the provisions of the workmen's compensation act, to bring an action against a third person committing tortious injury and a sort of collaboration with the state. That had the effect of reserving a common law action to such injured workman injured by third persons referred to in the decisions cited in the majority opinion as "except as in the act otherwise provided."

The 1927 amendment, under the provision quoted in the majority opinion, in case of an injury to a workman due to the negligence or wrong of another not in the same employ, or in case of death to his widow, children or dependents, grants the right to elect whether to take under the act or to seek a remedy against such other, *etc.*

The effect of this amendment was to broaden the original statute of 1911 reserving the common law right of action to such injured workman. If there can be any vested right to a remedy, it would seem that the original act of 1911 and the amendment of 1927 gave it. It was not an instance where the right granted could be withdrawn at will before or after an injury, as in the school district cases.

For these reasons, in my opinion, the judgment below should be reversed.