[No. 22707. *En Banc.* February 16, 1931.]

ERNEST C. DENNING, *Respondent,* v. A. W. QUIST *et al., Appellants.*[1]

[1]Reported in 296 Pac. 145.

*Eggerman & Rosling* and *W. S. Greathouse,* for appellants.

*Wm. Martin* and *A. P. Curry,* for respondent.

*The Attorney General* and *Harry Ellsworth Foster, Assistant, amici curiae.*

BEALS, J.—During the month of May 1929, defendants, as general contractors, were engaged in the erection of an addition to a hospital at Port Townsend. The new portion of the building was in place up to and including the second floor, and in the course of the work, defendants were using a construction hoist, consisting of a cage attached to a cable operated through pulleys and sheaves over a drum, for the purpose of raising building material to be used in the upper portion of the structure. NePage-McKinney Company was participating in the work under a subcontract calling for the installation of the electric wiring. Plaintiff was in the employ of this subcontractor, and while engaged upon his employment, and while in the hoisting cage above referred to, suffered severe injuries, occasioned by the breaking of the cable supporting the cage, plaintiff being thrown to the ground and badly hurt.

Plaintiff instituted this action against defendants as general contractors and as the persons who had installed the hoist above referred to, alleging that the hoist had been negligently and improperly constructed out of imperfect materials, and that its defective condition resulted in plaintiff's injuries. The action was tried to a jury, which returned a verdict against defendants in the sum of $8,500. Defendants moved for judgment in their favor notwithstanding the verdict,

or, in the alternative, for a new trial, which motions were overruled by the trial court. From a judgment entered against them upon the verdict of the jury, defendants appeal.

Appellants assign several errors, of which it is necessary to notice only one.

The accident occurred May 9, 1929, and it conclusively appears from the evidence that, on this date, appellants, as general contractors, and respondent's employer, as a subcontractor, were contributors to the workmen's compensation fund of the state of Washington, and were jointly engaged in the building operation above referred to, which is classified under the workmen's compensation act as extrahazardous work.

The legislature, during its 1929 session, amended the workmen's compensation act by enacting chapter 132, Laws of 1929, p. 326, section 1 of the amendatory act reading as follows:

"Provided, however, That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman . . . shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act the cause of action against such other shall be assigned to the state for the benefit of the accident fund: . . . *Provided, however, That no action may be brought against any employer or any workman under this act . . . if at the time of the accident such employer or such workman was in the course of any extra hazardous employment under this act.* Any such cause of action assigned to the state may be prosecuted or compromised by the department, in its discretion." (Italics ours.)

The amendatory act of 1929 became effective June 12 of that year, while this action was not commenced until June 26, or two weeks after the act became effective.

In our opinion, this case falls within the rule laid down by this court in the case of *Robinson v. McHugh,* 158 Wash. 157, 291 Pac. 330, in which it was held that an action brought for the purpose of recovering damages suffered by a workman due to the negligence or wrong of a third party not in the same employ as the injured workman, such action being based upon Laws of 1927, chapter 310, p. 815, § 2 (Rem. 1927 Sup., § 7675), was barred by the 1929 amendment if not instituted prior to the date the 1929 amendment became effective.

After the argument of the case at bar before a department of this court, a rehearing was granted in the case of *Robinson v. McHugh, supra,* and that case and this were assigned for hearing *En Banc.* A majority of this court adhered to the departmental opinion in the case of *Robinson v. McHugh, supra,* and the same is now established as the law governing the questions therein decided. We have carefully considered the arguments of counsel for respondent in this case, and for appellant in the case of *Robinson v. McHugh,* as submitted in the *En Banc* hearing of the two cases, and have re-examined the questions to be determined herein.

Respondent, *inter alia,* contends that the construction placed by this court upon the 1929 amendment in holding that the same is retroactive makes the act unconstitutional, urging that as so construed the act takes away an accrued or vested right of a workman injured at the time and in the manner respondent was injured.

The title of the act of 1911, "relating to compensation of injured workmen," and § 1 thereof (chap. 74, Laws of 1911, p. 345; Rem. Comp Stat., § 7673) read as follows:

"AN ACT relating to the compensation of injured workmen in our industries, and the compensation to their dependents where such injuries result in death, creating an industrial insurance department, making an appropriation for its administration, providing for the creation and disbursement of funds for the compensation and care of workmen injured in hazardous employment, providing penalties for the non-observance of regulations for the prevention of such injuries and for violation of its provisions, asserting and exercising the police power in such cases, and, except in certain specified cases, abolishing the doctrine of negligence as a ground for recovery of damages against employers, and depriving the courts of jurisdiction of such controversies, and repealing sections 6594, 6595 and 6596 of Remington's and Ballinger's Annotated Codes and Statutes of Washington relating to employes in factories, mills or workshops where machinery is used, actions for the recovery of damages and prescribing a punishment for the violation thereof.

"*Be it enacted by the Legislature of the State of Washington:*

"Section 1. *Declaration of Police Power.*

"The common-law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair. Its administration has produced the result that little of the cost of the employer has reached the workman and that little only at large expense to the public. The remedy of the workman has been uncertain, slow and inadequate. Injuries in such works, formerly occasional, have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wage-worker. The State of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extra hazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of

every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided."

This act, according to the declaration of legislative policy therein contained, and its manifest purpose, should be classed as remedial legislation. Section 1, *supra,* is comprehensive in its terms, and does away with rights of action previously existing in favor of injured workmen, including rights theretofore existing at common law. Rights of action vested by the act in favor of injured workmen (*Robinson v. McHugh, supra*) became thereafter purely statutory rights, not common law rights. The 1927 amendment (chap. 310, Laws of 1927, p. 813), as stated in the case of *Robinson v. McHugh, supra,* somewhat enlarged the remedy existing under the original act of 1911 in favor of workmen injured by the negligence or wrong of one not in the same employ. This amendment, however, did not re-establish in favor of the injured workman any common law right, but simply enlarged his existing statutory right. This right being purely statutory, it was competent for the legislature to limit the same, as was accomplished by the 1929 amendment, *supra,* and we are satisfied that the correct rule was laid down by this court in the case of *Robinson v. McHugh, supra.*

Counsel for respondent contend that as respondent at the time he was injured was on an elevator or hoist owned and constructed by appellants, and located just alongside of the building under construction upon which respondent was working, respondent was off the premises of his employer when he was injured, and that therefore the principle laid down in

*Robinson v. McHugh, supra,* should not here be applied. Respondent argues that as the hoist had been constructed by appellants and was under their control and used in connection with their work, and as appellants contended on the trial that respondent had no right to ride on the elevator, it should be held that at the time he was injured respondent was not on the premises of his employer. In this connection respondent cites the cases of *Carlson v. Mock,* 102 Wash. 557, 173 Pac. 637, and *Scott v. Pacific Warehouse Co.,* 143 Wash. 245, 255 Pac. 138.

In the earlier of the cases cited, it was held that an employee of the street railway company, injured while engaged in oiling his employer's tracks situated in a public street, was away from the plant of his employer, within the purview of the workmen's compensation act as then in force. It was held that the public streets were no part of the plant of the street railway company, which had no greater control over the use of the street, or right to the use thereof, than the public at large, even though its street railway tracks might be in place therein. In the latter case, it was held that an employee of the lessee of a room in a building in which were several tenants occupying premises on the same floor, all using in common an elevator installed by and under the control of the lessor, the employee having been injured after leaving her work and while entering the elevator for the purpose of departing from the building, was not injured at the plant of her employer, within the workmen's compensation act.

These cases are clearly distinguishable from the facts here presented. Here, respondent was engaged with other workmen in the construction of a building. The temporary hoist was attached to the outer wall of the building, and formed practically a portion thereof

for construction purposes. Respondent testified—and his story must have been found by the jury to be true—that he did not ride up to the second floor on the hoist, but walked up the stairs, and simply stepped on to the platform of the hoist to remove therefrom certain material which he had raised thereon to the second floor, for purposes connected with his employment. We do not understand that such a use of the hoist as that testified to by respondent, had been forbidden by appellants. In any event, we are satisfied that, under the circumstances here shown, respondent was not off the premises of his employer at the time he was injured.

Other questions are presented by respondent and by the *Attorney General* as *amicus curiae,* which matters have been considered, and concerning which it is sufficient to say that we find in the arguments presented in connection therewith no sufficient reason for changing the views herein announced.

Under the authority of the decision of this court in the case of *Robinson v. McHugh, supra,* the judgment appealed from is reversed, with instructions to the trial court to dismiss the action.

TOLMAN, C. J., FULLERTON, PARKER, MITCHELL, MAIN, and MILLARD, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent for the reasons I gave in *Robinson v. McHugh,* 158 Wash. 157, 291 Pac. 330.