[No. 27320. *En Banc.* May 5, 1939.]

ROBERT O. REEDER, *Appellant,* v. C. G. CREWES *et al.,* *Respondents.*[1]

*Kahin & Carmody* and *Orlo B. Kellogg,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for respondent Crewes.

*Caldwell, Lycette & Diamond,* for respondent Shell Oil Company.

MAIN, J.—This action was brought to recover damages for personal injuries. To the third amended com-

¹Reported in 90 P. (2d) 267.

plaint, which will be referred to as the complaint, a demurrer was interposed and sustained. The plaintiff elected to stand upon the complaint, refused to plead further, and, from the judgment dismissing the action, appealed.

The facts, as they appear in the complaint, will be stated only in so far as necessary to present the question here for determination. The respondents, Shell Oil Company and C. G. Crewes, were engaged in the sale and distribution of gasoline. The appellant, Robert O. Reeder, was employed by the Diesel Oil Sales Company and was engaged in the hauling of road surface oil, to be delivered and spread upon the highway where the accident which gave rise to this controversy occurred.

At a point about six miles east of Prosser, in Benton county, the appellant stopped his truck, alighted therefrom, and was conferring with persons engaged in construction and repair work upon the highway. One Allen Juezler, employed by the respondents, was proceeding east, driving a gasoline truck, which struck the appellant and caused the injuries for which he seeks recovery. The appellant was engaged in extrahazardous work, and he and his employer were under the workmen's compensation act of this state. The respondents were likewise engaged in extrahazardous work at the time the accident occurred.

The question is whether the appellant had the right to elect to bring this action at law against the respondents for damages instead of seeking relief under the workmen's compensation act.

In Rem. Rev. Stat., § 7675 [P. C. § 3470], it is provided:

"That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, . . . shall elect whether to

take under this act or seek a remedy against such other, . . ."

And it is further provided that no action may be brought against any employer or any workman under the act

". . . as a third person if at the time of the accident such employer or such workman was in the course of any extrahazardous employment under this act. . . ."

As stated, the appellant elected to bring the action against the respondents, even though he was not in their employ. Whether he has a right to maintain the action depends upon whether the respondents are in a position to rely upon the defense that they were engaged in extrahazardous employment and that the appellant was not in their employ.

In Rem. Rev. Stat., § 7676 [P. C. § 3471], it is provided that:

"In respect to any injury happening to any of his workmen during the period such employer shall be in default in the payment of any premium, if such default be after demand for payment, or if such employer shall be in default for failure to furnish the department with an estimated payroll or with monthly reports of his payroll as required by this section, the defaulting employer shall not be entitled to the benefits of this act, but shall be liable to suit by the injured workman . . . , at his or their option, as he would have been on March 14, 1911, . . ."

In the complaint, it is alleged that the respondent Crewes had not paid any premiums and had not made any monthly reports of his payroll, and that the respondent Shell Oil Company had failed to furnish the department with any estimate of its payroll and workman hours or with monthly reports of its payroll and workman hours, which included Juezler, and had failed and neglected to pay any industrial insurance

premiums upon him. In the excerpt quoted from Rem. Rev. Stat., § 7676, it appears that, if an employer be in default in payment of premium and does not pay the same after demand, or, if he shall fail to report to the department his estimated payroll or make monthly reports of his payroll as required by the statute, he shall not have the benefits of the act, and the injured workman may maintain an action at law.

The respondents say that this provision with reference to default in payment or default in making reports is only applicable to the employer in whose employ the workman was at the time he sustained the injury. The appellant says that the statute should be construed so as to apply equally to a third person engaged in extrahazardous employment when an action is brought against him by a workman who, through his negligence, was injured while in the employ of another.

In *Arthun v. Seattle,* 137 Wash. 228, 242 Pac. 16, it was said:

"The injury to the respondent was caused by the alleged negligence of another not in the same employ, creating the right of a common-law action against the wrongdoer, unless there is something in the workmen's compensation act which directly, or by necessary implication, is in derogation of that right. By common consent, that understanding of a statute which restricts or limits a common-law right must not be entertained, if possible to be avoided."

In *O'Brien v. Northern Pac. R. Co.,* 192 Wash. 55, 72 P. (2d) 602, the plaintiff, injured while in the course of his employment, brought an action against the defendant railway company, which was engaged in interstate commerce, while he was in the employ of another, and it was held that he had a right to maintain such action, because the railway company was not amenable to the act and did not contribute to the ac-

cident fund with respect to its interstate operations. In the course of the opinion, it was said:

"From time to time, the idea has developed [the idea of industrial insurance], until in 1931 an elaborate plan was effected for computing rates of contribution to the 'accident fund.' (Laws 1931, chapter 104, § 1, p. 297.) The plan was designed to levy contribution at rates based largely upon the individual employer's 'cost experience.' This principle of adjusting the employer's rate of assessment by the measure of his own cost experience plainly indicates that the basis for the immunity from suit afforded the employer by the act is made dependent upon his contribution to the accident fund. This view is fortified by Rem. Rev. Stat., § 7676 [P. C. § 3471], which specifically deprives an employer, who is in default in payment of premiums, of the benefits of the act, and subjects him to suit by an injured employee. And in such a suit, the employer may not interpose the defenses of negligence of fellow servant, contributory negligence, or assumption of risk.

"In view of this section, an anomalous situation would be created by the logical application of respondent's contention: A defaulting employer would be subject to suit by his own employee, but, merely by reason of being engaged in extrahazardous employment, be immune from suit by a workman in the employ of someone else.

"Construing the above quoted proviso of Rem. Rev. Stat., § 7675, in the light of the industrial insurance act as a whole, we think a workman, engaged in extrahazardous employment, is not precluded from maintaining an action for negligence against one not his employer, unless such a one is amenable to the act and a contributor to the 'accident fund.' "

There, the view is definitely expressed that a workman engaged in extrahazardous employment is not precluded from maintaining an action for negligence against one not his employer, "unless such a one is amenable to the act and a contributor to the 'accident

fund.'" Under the allegations of the complaint, neither of the respondents furnished the department of labor and industries with an estimate of their payroll or with reports of their payroll, which included Juezler, and for this reason they would not be entitled to the benefits of the workmen's compensation law.

We are not disposed to depart from the construction of the statute as made in the *O'Brien* case. If the statute was given the construction contended for by the respondents, its constitutionality, under the fourteenth amendment to the Federal constitution, would be subject to some doubt. *Missouri, K. & T. R. Co. v. May,* 194 U. S. 267, 48 L. Ed. 971, 24 S. Ct. 638; *Williams v. Arkansas,* 217 U. S. 79, 54 L. Ed. 673, 30 S. Ct. 493; *Watson v. Maryland,* 218 U. S. 173, 54 L. Ed. 987, 30 S. Ct. 644; *Barrett v. Indiana,* 229 U. S. 26, 57 L. Ed. 1050, 33 S. Ct. 692. However, inasmuch as that question is not necessarily involved upon this appeal, we pass it without discussion or decision.

Attention is called to the fact that the allegations with reference to Crewes were general, while those with reference to the Shell Oil Company were restricted to its failure to comply with the act, so far as its employee Juezler was concerned. But we see no substantial difference in these allegations as to the respective parties.

The judgment will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer.

BLAKE, C. J., MILLARD, JEFFERS, and SIMPSON, JJ., concur.

STEINERT, J. (dissenting)—The question before us is whether, under the facts presented, appellant had the right to bring an action at law for damages against re-

spondents instead of seeking relief under the workmen's compensation act.

It will be remembered that appellant, although not an employee of respondents, was, nevertheless, employed in extrahazardous labor, that he was injured while so engaged, and that he might have applied for the benefits of that act, but voluntarily declined to do so. It is also to be borne in mind that respondents were subject to the provisions of the act, inasmuch as they were then likewise engaged in extrahazardous employment as therein defined.

The workmen's compensation act abolished the common law system governing the remedy of workmen against employers for injuries received in extrahazardous work, and substituted therefor an entirely new method of providing relief. The first section of the act states that its purpose is to provide sure and certain relief for workmen so injured, their families and dependents, regardless of questions of fault, and to the exclusion of every other remedy, and then proceeds:

" . . . to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." Rem. Rev. Stat., § 7673 [P. C. § 3468].

The right of a workman in any instance to sue either his own employer or a third party employer is, therefore, now derived from the statutory law, not from the common law; in other words, it is a statutory right, not a common law right. This court has repeatedly so declared.

In *Zenor v. Spokane & Inland Empire R. Co.*, 109 Wash. 471, 186 Pac. 849, we said:

"From the beginning, this court has construed the act as meaning what it says; *i. e.*, that the common law right of action for damages accruing from an injury received by a workman in the course of his employ-

ment is abolished, except as in the act otherwise provided. *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466, 2 N. C. C. A. 823, 3 N. C. C. A. 599; *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685, Ann. Cas. 1915D 154, L. R. A. 1916A 358; *Ross v. Erickson Construction Co.,* 89 Wash 634, 155 Pac. 153, L. R. A. 1916F 319; *Stertz v. Industrial Insurance Commission,* 91 Wash. 588, 158 Pac. 256, Ann. Cas. 1918B 354, and the inquiry here is therefore limited to the one question of whether or not the facts shown are sufficient to give respondent the right of election provided for in the act."

In *Robinson v. McHugh,* 158 Wash. 157, 291 Pac. 330, affirmed on rehearing, 160 Wash. 703, 295 Pac. 921, we quoted the above paragraph from the *Zenor* case, *supra,* and also the section of the act giving the injured workman the right of election, and then said:

"All that was given to the workman when injured by the negligent act of a third party was the statutory right of election to sue such third party for such injury (this being a right which had theretofore been taken away from him)."

Further reference to this case will be made a little later herein.

In *Denning v. Quist,* 160 Wash. 681, 296 Pac. 145, we said:

"Section 1, *supra,* [referring to the first section of the workmen's compensation act, Rem. Rev. Stat., § 7673], is comprehensive in its terms, and does away with rights of action previously existing in favor of injured workmen, including rights theretofore existing at common law. Rights of action vested by the act in favor of injured workmen (*Robinson v. McHugh, supra*) became thereafter purely statutory rights, not common law rights. The 1927 amendment (chap. 310, Laws of 1927, p. 813), as stated in the case of *Robinson v. McHugh, supra,* somewhat enlarged the remedy existing under the original act of 1911 in favor of workmen injured by the negligence or wrong of one not in

the same employ. This amendment, however, did not re-establish in favor of the injured workman any common law right, but simply enlarged his existing statutory right."

In a second case on appeal of *Denning v. Quist*, 172 Wash. 83, 19 P. (2d) 656, it was said:

"In *Robinson v. McHugh*, 158 Wash. 157, 291 Pac. 330, we, in effect, held that the excepted rights of action upon which a workman might sue in the courts for injuries suffered by him while engaged in extrahazardous employment, became, in legal effect, statutory rights of action, and not common law rights of action. That decision was adhered to by the court sitting *En Banc* upon a rehearing of that case. 160 Wash. 703, 295 Pac. 921. Our *En Banc* decision in *Denning v. Quist*, 160 Wash. 681, 296 Pac. 145, was also to the same effect. Therefore, it is settled law that whatever right of action in the courts appellant [workman] may now have, or heretofore had, since the original enactment of chapter 74, Laws of 1911, p. 345, Rem. Rev. Stat., § 7673, is a statutory right, and not a common law right."

See, also, *Hoof v. Pacific American Fisheries* (9 C. C. A.), 279 Fed. 367.

In the light of these decisions, there can now be no doubt that the right of a workman who is under the act to sue in the courts is not a common law right, but simply a statutory right.

We look, then, to the statute to see what the rights of the workmen are with reference to third party employers.

Rem. Rev. Stat., § 7675 [P. C. § 3470], as it stood in 1927, defined various terms used in the act, including the word "workman," and then provided:

"That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman . . . shall elect whether to take under this act or seek a remedy against such other, . . ."

In 1929, Rem. Rev. Stat., § 7675, was amended to include a proviso reading as follows:

"Provided, however, That *no* action may be brought against *any* employer or any workman under this act as a third person if at the time of the accident *such employer* or such workman was in the course of any extra-hazardous employment under this act. " (Italics mine.)

The term "any extra-hazardous employment under this act" as just used, refers to the schedule of extrahazardous employments set forth in a preceding section, Rem. Rev. Stat., § 7674 [P. C. § 3469].

Rem. Rev. Stat., § 7675, containing the above quotations, is the only part of the workmen's compensation act which deals specifically with third party actions. The 1929 amendment, however, says emphatically that *no* action may be brought against *any* employer who at the time of the accident was engaged in any of the extrahazardous employments named in the act. There are no exceptions to this provision, there is no ambiguity about it, and there is no room for construction of it. The provision means exactly what it says. It is a positive prohibition against a suit by a workman against *any* employer engaged in extrahazardous employment if at the time of the accident such employer was in the course of extrahazardous employment as defined by the act.

Reverting again to the case of *Robinson v. McHugh, supra,* I quote its interpretation as stated on page 162 of the opinion:

"By the amendment of 1929 above quoted, it was provided that, where injured by the negligent act of a third party, if such third party was an employer engaged in any extrahazardous employment, no action might be brought."

The plain wording of Rem. Rev. Stat., § 7675, should dispose of this case unless it consistently can be held

or found that some other section of the act creates or sanctions the right to maintain such action.

The majority opinion asserts that:

"Whether he [the workman] has a right to maintain the action depends upon whether the respondents are in a position to rely upon the defense that they were engaged in extrahazardous employment and that the appellant was not in their employ."

The right to maintain a third party action does not "depend upon" nor grow out of the inability of the third party to rely upon a defense. The "right," if it exists, must be found embodied in an express statutory provision. If there be no such grant to one in appellant's position, the matter is ended.

To escape the force and effect of Rem. Rev. Stat., § 7675, the majority opinion quotes, and apparently rests its decision upon, Rem. Rev. Stat., § 7676 [P. C. § 3471], as follows:

" . . . In respect to any injury happening to any of *his* workmen during the period *such* employer shall be in default in the payment of any premium, if such default be after demand for payment, or if *such* employer shall be in default for failure to furnish the department with an estimated payroll or with monthly reports of his payroll as required by this section, *the defaulting employer* shall not be entitled to the benefits of this act, but shall be liable to suit by the injured workman . . . at his or their option, as he would have been on March 14, 1911, . . ." (Italics mine.)

The most casual reading of this section should convince anyone, I think, that it has reference only to the employer of *the workman injured,* and not to a third party employer. The words italicized above can mean nothing else. That section is, therefore, wholly inapplicable to this case.

There is no occasion to think, or feel, that unless a third party employer is amerced by the application to

him of Rem. Rev. Stat., § 7676, he may possibly escape the contributions required of him by the industrial insurance act. The department of labor and industries has full power and authority to meet such situation, should it arise; for, by Rem. Rev. Stat., § 7676, defaulting employers are subject not only to suit for premiums owing by them, but also to severe penalties for failure to comply with the statute.

Two cases are cited in the majority opinion as sustaining its position. *Arthun v. Seattle,* 137 Wash. 228, 242 Pac. 16, and *O'Brien v. Northern Pac. R. Co.,* 192 Wash. 55, 72 P. (2d) 602. Neither of those cases is applicable here.

The *Arthun* case, *supra,* dealt with an employer, the city of Seattle, which owed no obligation whatever to the accident fund. It was not required by the act to make any report to the commission or to contribute anything to the fund. It was entirely without the scope of the workmen's compensation act. Moreover, that case arose long prior to the 1929 amendment, which exempted from suit employers engaged in extra-hazardous employment.

The *O'Brien* case, *supra,* was a Departmental decision. The majority opinion therein was signed by only three judges; an opinion concurring on special grounds was signed by the other two. There was a consensus of opinion only to the extent that the defendant, a railroad company, was held not to be *amenable* to the industrial insurance act in its railroad operations. To the extent that the case is authoritative, it lends no support to the majority opinion in this case, for if an employer is not *amenable* to the act, it is wholly immaterial whether he contributes to the fund or not.

There is a recent case, however, which, in my opinion, strikingly illustrates the rule heretofore adopted by

this court that, to entitle one to the benefits of the workmen's compensation act, he must come clearly within its provisions. *Pryor v. Safeway Stores, Inc.,* 196 Wash. 382, 83 P. (2d) 241, 85 P. (2d) 1045.

In that case, Safeway Stores, Inc., had brought itself under the industrial insurance act by elective adoption as prescribed in Rem. Rev. Stat., § 7696 [P. C. § 3487], and had fully complied with the necessary requirements. A suit for damages for personal injuries was brought against the company by one who was not in its employ, but who at the time was engaged in extrahazardous work, within the meaning of the act. This court held that, despite general compliance with the act by the company, it still was not entitled to immunity from liability for negligently injuring the employe of another employer because, at the time of the accident, the company was not engaged in extrahazardous employment and, therefore, did not come within the protection of the 1929 amendment of Rem. Rev. Stat., § 7675.

The effect of that opinion was, of course, to render nugatory the elective adoption features of the act, because those who avail themselves of those features necessarily are those who are not engaged in extrahazardous employment within the meaning of the act. Nevertheless, this court adopted a rule of strict construction of that portion of the act by holding that, to be entitled to its benefits, the employer must be engaged in *extrahazardous employment.*

When the converse of that situation is presented, this court, according to the majority opinion, takes the position that, although the third party employer was, at the time of the accident, in the course of extrahazardous employment, it is nevertheless liable to suit by the injured party merely because it has defaulted in its premiums. As already shown, Rem.

Rev. Stat., § 7675, includes no such provision, and the section which does refer to defaulting employers speaks only of employers of the injured person, and not of third party employers.

In my opinion, appellant did not have the right to bring a common law action against respondents. I therefore dissent.

BEALS, GERAGHTY, and ROBINSON, JJ., concur with STEINERT, J.