## PENNSYLVANIA SALT MFG. CO. OF WASHINGTON v. HAYNES.

### No. 12499.

United States Court of Appeals
Ninth Circuit.

Sept. 18, 1950.

Rehearing Denied Nov. 2, 1950.

Before MATHEWS and ORR, Circuit Judges, and LEMMON, District Judge.

LEMMON, District Judge.

The controlling facts in this case are not seriously in dispute. Appellant, defendant below, is in the business of manufacturing and processing chemicals. Prior to the accident in which plaintiff was injured, defendant sold to one Powser certain scrap iron, included in which was a coil of pipe which had been previously used by defendant in the operation of its plant. Powser transported the scrap iron to his salvage yard in Tacoma, Washington. Later plaintiff, an employee of B. Radinsky & Son, salvage dealers of Seattle, Washington, pursuant to directions from his employers, picked up a load of scrap iron at Powser's yard, including the above mentioned coil of pipe. In order to place the coil in proper position on his truck, plaintiff proceeded to pound it with a maul, whereupon a pressurized stream of corrosive substance issued from the pipe and struck the plaintiff, causing the injuries for which he sought damages in this action. From a judgment upon a verdict adverse to defendant this appeal is taken.

The Workmen's Compensation Law of the State of Washington contains a provision [1] under which a workman, injured through the negligence or wrong of another not in the same employ, shall elect whether to take the compensation provided for in the act or seek his remedy against the third party tort feasor. If he elects to take under the act, the cause of action against the third party is assigned to the state. If the other choice is made, the accident fund set up under the act is to contribute only the deficiency, if any, between the amount of the recovery against the third party and the compensation provided or estimated under the act. Plaintiff elected to sue defendant rather than to take the schedule of payments under the act. There is the further proviso, upon the interpretation of which as applied to the evidence in this case the parties are in

Frank M. Preston, Preston, Thorgrimson & Horowitz, all of Seattle, Wash., for appellant.

Maslan, Maslan & Hanan, Seattle, Wash., for appellee.

1. Remington's Revised Statutes of the State of Washington, Section 7675.

disagreement, which reads: "Provided, however, That no action may be brought against any employer or any workman under this act as a third person if at the time of the accident such employer or such workman was in the course of any extrahazardous employment under this act."

■ Federal jurisdiction rests on diversity of citizenship and the requisite amount in controversy. We are controlled by the Washington statute as interpreted by the courts of that state in determining the substantive rights of the parties thereunder.

It is conceded that defendant's business engaged in at the time of the accident was extrahazardous within the meaning of the statute. The proviso above quoted, literally applied, appears to render defendant immune from this claim. However, the Supreme Court of the state has not adhered to the literal import of the wording. That court, in interpreting the scope of the exemption in the light of its purpose, has read into the text conditions not found in the language of the quoted sentence.[2] Thus, it was held in O'Brien v. Northern Pacific Railroad Company[3] that the third party employer, though engaged in extrahazardous employment at the time of the accident, was subject to suit by the injured workman if the employer was not a contributor to the accident fund, and, in Reeder v. Crewes,[4] if the employer was in default in payment of premiums and in submitting required payroll estimates under the act.

■ It is undisputed here, and indeed, well established in Washington, that a third party employer is immune from suit by a workman when both are covered by the Industrial Insurance Act of the state, in good standing, and when the injury resulted directly from extrahazardous employment in which each was engaged at the time of the accident.[5]

The cloak of immunity does not exist solely from contribution by the employer to the Industrial Insurance Fund and compliance otherwise with the act. It must also be made to appear that at the time of the injury the employer was engaged in extrahazardous employment.[6]

Gephart v. Stout,[7] at page 192 of 11 Wash.2d, at page 805 of 118 P.2d, after reviewing prior decisions, announced in the following language two requirements as conditions for immunity; "While the foregoing cases are not directly in point, they do clearly establish two essential requirements which an employer must meet to entitle him to immunity from suit by a workman not in his employ: (1) The employer must be a contributor to the workmen's compensation fund; and (2) at the time of the accident, the employer must be in the course of some extrahazardous employment under the industrial insurance act. To satisfy the second requirement, the negligent act or omission which is the basis of the workman's cause of action must arise out of, or be in some way connected with, an extrahazardous employment or business then being carried on by the employer. We do not think the legislature intended, by the statutory proviso in question, to grant to every individual who may happen to own an extrahazardous business or a business having some extrahazardous phase, a blanket immunity from suit as a third party employer for his personal negligence at all times, in all places, and in connection with all activities in which he may engage."

In the Gephart case the court drew a distinction between situations where the agency by which the employee is injured is

2. Dissenting opinion of Steinert J. in Reeder v. Crewes, 199 Wash. 40, 90 P. 2d 267.

3. 192 Wash. 55, 72 P.2d 602. This is a departmental decision. The principal opinion signed by three judges, was approved, however, in an en banc decision, Reeder v. Crewes, footnote 4.

4. 199 Wash. 40, 90 P.2d 267.

5. Robinson v. McHugh, 158 Wash. 157, 291 P. 330; Denning v. Quist, 160 Wash. 681, 296 P. 145; Weiffenbach v. City of Seattle, 193 Wash. 528, 76 P.2d 589.

6. Pryor v. Safeway Stores Inc., 196 Wash. 382, 83 P.2d 241, 85 P.2d 1045.

7. 11 Wash.2d 184, 118 P.2d 801.

in operation in extrahazardous work and where such agency is not in such operation. There, appellant was the owner of a freight transportation business held to be extrahazardous. The injured workman sued for injuries sustained in a motor vehicle collision, the offending vehicle being driven by appellant. There was no evidence that at the time of the collision appellant was doing anything in connection with his business. It was held that he was not in the course of extrahazardous employment at that time.

The second requirement, the one with which we are here immediately concerned, is introduced into the Gephart opinion from the teachings of Pryor v. Safeway Stores Inc.[8] and Lunday v. Department of Labor and Industries.[9] In the Pryor case immunity was denied because "at the time of the collision" the employer defendants were not engaged in extrahazardous employment. Referring to the immunity provision the court said, "Plainly, under this limitation, an employer under the act, either under the compulsory or elective provisions, is immune from an action in damages for negligent injury of a workman not in his employ, only when 'at the time of the accident,' such employer is engaged in 'extra-hazardous employment.'" In the Lunday case, certain work of the workmen was considered extrahazardous and other work was considered not in that category. As observed in the Gephart opinion, "The implication of the decision is that both employer and employee may be subject to the act as to one extrahazardous phase of a business, but not subject to it as to another nonextrahazardous phase of the same business." In the same opinion there is quoted with approval a dictum taken from Weiffenbach v. City of Seattle.[10] In that case, the plaintiff, engaged in measuring a roof of a building for repairs, was injured by contact with a high voltage wire, which was a part of a power distribution system. The argument that, since none of the defendant's employees were present at the time of the accident, the passive negligence was a mere "condition" and hence not "in the course of any extra-hazardous employment" was rejected. Immunity was present because the wire was an integral part of an extrahazardous operation. The dictum reads: "If the city had abandoned the use of the wire for the transmission of electricity so that it was no longer performing any function as a part of its operating system, then, of course, it would be a mere condition within the principle contended for by the appellant. It would be then no longer a part of the industry or the extrahazardous employment in which the respondent was engaged." The rule as thus stated is controlling.

The negligent act here considered arose out of or was "in some way connected with, an extrahazardous employment or business then being carried on by the employer." The connection is causal. But, as we read these cases, the connection must also be temporal. The statute says "at the time of the accident" and the Gephart case says "then being carried on". Since the statute makes the time of the accident the critical time, the "then" does not refer back to the time of the negligent act.

■ The coil of pipe had been discarded. At the time of the accident it had passed into the ownership and possession of persons other than defendant. It was no longer in operation in defendant's business. We conclude that though plaintiff's injury was connected with defendant's extrahazardous employment, the connection is remote and not temporal. Hence, the defendant is not within the immunity provision.

Since the propriety of the trial court's rulings attacked in the specifications of error depend upon this one question of law, we need not treat or refer to the specifications separately.

The judgment is affirmed.

8. Pryor v. Safeway Stores, Inc., 196 Wash. 382, 83 P.2d 241, 243, 85 P.2d 1045.

9. Lunday v. Department of Labor and Industries, 200 Wash. 620, 94 P.2d 744.

10. 193 Wash. 528, 76 P.2d 589, 590.