[No. 32492. Department One. November 19, 1953.]

ROLLIN JEWETT, *Appellant*, v. TED KERWOOD, *Respondent*.[1]

*Everal Carson*, for appellant.

*McMullen, Snider & McMullen*, for respondent.

HILL, J.—QUAERE: Can a workman injured as a result of the negligence or wrong of another not in the same employ, for which injury the workman is entitled to recover benefits under the Washington workmen's compensation act (Laws of 1911, chapter 74, p. 345, as amended; Rem. Rev. Stat., § 7673 *et seq.*, as amended [*cf.* RCW 51.04.010 *et seq.*]), elect

[1]Reported in 263 P. (2d) 830.

to sue the person whose negligence or wrong caused the injury if that person is an employer under the act and his negligence or wrong arose out of and was connected with the extrahazardous business or employment in which he was then engaged, he having made all reports and payments required under the act for his employees but not having elected to make himself, as such employer, eligible to receive the benefits of the act, as he was entitled to do under the Laws of 1939, chapter 41, § 2, pp. 121, 123 (Rem. Rev. Stat. (Sup.), § 7675 [cf. RCW 51.32.030])?

The circumstances which furnished the basis for the foregoing *quaere* are:

Rollin Jewett, an employee of the highway department of the state of Washington, while engaged in the performance of duties under such employment and entitled to the benefit of our workmen's compensation act for any injuries sustained in the course of that employment, was injured in consequence of the negligent operation of a truck by Ted Kerwood. The latter was engaged in the business of hauling slabwood, classified as extrahazardous employment. At the time Jewett was injured, Kerwood was driving one of his own trucks in connection with his business of hauling slabwood.

Kerwood had several employees on whom he had made all payments required by the workmen's compensation act, but he had not elected to come under the act himself, "under the same circumstances, and subject to the same obligations, as a workman," as he might have done under a provision of the Laws of 1939, chapter 41, § 2, pp. 121, 123 (Rem. Rev. Stat. (Sup.), § 7675 [cf. RCW 51.32.030]), and was not carrying himself on the payroll which he regularly reported to the department of labor and industries, and consequently had made no contributions or payments on himself under the terms of the act.

Jewett elected to sue Kerwood instead of taking the benefits to which he was entitled under the workmen's compensation act.

These facts appearing from the pleadings and stipulations of the parties, the trial court granted a judgment of dis-

missal on the ground that the action was barred by the workmen's compensation act.

ANSWER TO QUAERE: No; the action is barred by the workmen's compensation act.

█ REASON: An injured workman entitled to compensation under that act has no right of action against anyone for his injuries except as that right is expressly preserved or created by that act, for it was the intention of the workman's compensation act to withdraw such causes of action from private controversy. Laws of 1911, chapter 74, § 1, p. 345 (Rem. Rev. Stat., § 7673 [cf. RCW 51.04.010]); Koreski v. Seattle Hardware Co., 17 Wn. (2d) 421, 135 P. (2d) 860 (1943); Ash v. S. S. Mullen, Inc., ante p. 345, 261 P. (2d) 118 (1953).

█ If the workman's injury was caused by the negligence or wrong of another not in the same employ but the injury is such that the workman is entitled to benefits under the act, he has the right, under the Laws of 1939, chapter 41, § 2, pp. 121, 123 (Rem. Rev. Stat. (Sup.), § 7675 [cf. RCW 51.24.010]), to elect whether to take under the act or to sue the person responsible for his injury. However, while with one breath the law gives such a right of action to an injured workman, with the next breath it sets up a partial bar to such right by the following proviso:

"*Provided, however,* That no action may be brought against any employer or any workman under this act as a third person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under this act."

"This act" refers to our workmen's compensation act.

A literal reading of the proviso would indicate that the action cannot be maintained against Kerwood, as he was certainly an employer in the course of extrahazardous employment under the act at the time of the accident. However, as the United States circuit court of appeals for the ninth circuit pointed out in *Pennsylvania Salt Mfg. Co. v. Haynes,* 184 F. (2d) 355 (1950), this court has not adhered to the literal import of the wording of that proviso but, interpreting the scope of the exemption from suit in the light

of its purpose, has read into the text two conditions not found in the language of the quoted proviso.

One such condition is that the employer must be making payments into the accident fund on his employees as required by the act (*O'Brien v. Northern Pac. R. Co.*, 192 Wash. 55, 72 P. (2d) 602 (1937)) and must not be in default in the payment of premiums or in submitting required payroll estimates under the act. *Reeder v. Crewes*, 199 Wash. 40, 90 P. (2d) 267 (1939). (The basis of this condition was stoutly assailed by Judge Steinert in a dissenting opinion in *Reeder v. Crewes, supra*, and he was joined therein by three other members of the court. It is to be noted that Rem. Rev. Stat., § 7676, on which the majority placed some reliance in that case and which the minority claimed had no applicability to the situation then before the court, was amended in 1947. See Laws of 1947, chapter 247, § 1, p. 999.)

It was conceded that Kerwood had made all the required payments into the fund and had submitted all the required payroll estimates.

The second condition is that the negligence or wrongdoing which is the basis of the injured workman's cause of action must have arisen out of or have been in some way connected with an extrahazardous employment or business then being carried on by the employer. *Gephart v. Stout*, 11 Wn. (2d) 184, 118 P. (2d) 801 (1941); *Pennsylvania Salt Mfg. Co. v. Haynes, supra.*

The reason for this condition, as explained in the *Gephart* case, *supra*, is that we did not (and do not now) think the legislature intended to grant blanket exemption or immunity from suit to every employer who might happen to own an extrahazardous business or a business having some extrahazardous phase, but believe, instead, that it was intended to give such exemption or immunity only where the action or omission causing the injury arose out of or was connected with the extrahazardous business which the employer was conducting.

It is conceded that Kerwood was operating his truck in connection with the extrahazardous business of hauling slab-wood when Jewett was injured.

Appellant now asks us to write another condition into the proviso, *i.e.*, that if an employer, by his own personal act or omission, is himself responsible for an injury sustained by a workman not in his employ, such employer must have availed himself of the privilege of receiving benefits under the act ("under the same circumstances, and subject to the same obligations, as a workman") by carrying himself on his payroll reports to the department of labor and industries and by making all reports and payments thereunder on himself as well as on his employees.

■ The fact that a working employer may qualify under the Laws of 1939, chapter 41, § 2, pp. 121, 123 (Rem. Rev. Stat. (Sup.), § 7675 [*cf.* RCW 51.32.030]), and make contributions and payments on himself thereunder, and thereby receive benefits as a workman in the event of an injury to himself, is no reason why he should have to do the same thing to be entitled to his immunity from suit as an employer. While we have referred to immunity from suit as a "benefit" derived by an employer under the act (*Boeing Aircraft Co. v. Department of Labor & Industries*, 22 Wn. (2d) 423, 435, 156 P. (2d) 640 (1945)), that is perhaps too broad a use of the word "benefit"; certainly it is not the type of benefit referred to throughout the workmen's compensation act, and it is not the type of benefit referred to in the Laws of 1939, chapter 41, § 2, pp. 121, 123 (Rem. Rev. Stat. (Sup.), § 7675 [*cf.* RCW 51.32.030]), whereby the employer may qualify himself for benefits in the event of his own injury, "as and under the same circumstances, and subject to the same obligations, as a workman."

Kerwood meets every condition for immunity from suit laid down by our statute (Laws of 1939, chapter 41, § 2, pp. 121, 123 (Rem. Rev. Stat. (Sup.), § 7675 [*cf.* RCW 51.24-.010]), and our decisions thereunder, and the dismissal of Jewett's action by the trial court is affirmed.

GRADY, C. J., MALLERY, WEAVER, and OLSON, JJ., concur.