[No. 34156.   Department Two.   June 27, 1957.]

C. E. FREEMAN, *Appellant*, v. JOHN RINKEL, *Respondent.*[1]

*Bogle, Bogle & Gates* and *Edward S. Franklin*, for appellant.

*Martin, Shorts & Bever*, for respondent.

[1]Reported in 312 P. (2d) 822.

HILL, C. J.—QUAERE: Can an elective adoption workman under the workmen's compensation act, injured in the course of his employment, maintain a common-law action for negligence against a defendant who, at the time of the injury, is an employer under the act and is engaged in extrahazardous employment as defined by the act?

ANSWER: The elective adoption workman cannot maintain such an action.

FACTS WHICH RAISE THE ISSUE: C. E. Freeman, office manager of W. P. Fuller & Co., who came under the workmen's compensation act by virtue of the elective adoption section, was driving an automobile in the course of business for his employer and sustained injuries as a result of a collision with an automobile driven by John Rinkel, an employer engaged in a business classified as extrahazardous, and who was, at the time of the collision, driving his car for the purpose of obtaining parts for use in his garage business. Freeman sued Rinkel, and Rinkel, as an affirmative defense, set forth the facts as stated above, claiming immunity from suit by virtue of RCW 51.24.010 [cf. Rem. Rev. Stat. (Sup.), § 7675]. The trial court overruled a demurrer to the affirmative defense, and, upon the plaintiff's refusal to plead further, the trial court entered an order of dismissal on the defendant's motion for judgment of dismissal on the pleadings.

REASON FOR THE ANSWER: We have on numerous occasons traced the history of RCW 51.24.010, *supra*. *Boeing Aircraft Co. v. Department of Labor & Industries* (1945), 22 Wn. (2d) 423, 429, 156 P. (2d) 640; *Weiffenbach v. Seattle* (1938), 193 Wash. 528, 76 P. (2d) 589; *Denning v. Quist* (1931), 160 Wash. 681, 296 Pac. 145; *Robinson v. McHugh* (1930), 158 Wash. 157, 291 Pac. 330. It gives a workman under the workmen's compensation act an election to take his benefits under the act or to sue a third party, not in the same employ, for injuries occasioned by the third party's wrong or negligence; but, by what is known as the immunity proviso, it prohibits actions against an employer or a workman under the act, if, at the time of the accident, the

employer or such workman was in the course of any extrahazardous employment under the act.

The answer given by the trial court seems obvious on its face, i.e., that the plaintiff's action is prohibited by the immunity proviso in RCW 51.24.010, supra.

The elective adoption workman who seeks to maintain the present action, urges that he is not a workman as defined by the workmen's compensation act, and that, by such elective adoption, he is entitled to all of the benefits of the act, but has surrendered none of his common-law rights, except his right to maintain a common-law, negligence action against his employer.

This contention necessitates an examination of the elective adoption section of the workmen's compensation act from its inception, and its relationship to § 1 of the original act, which abolished all common-law actions by workmen for injuries sustained in the course of their employment. *Jewett v. Kerwood* (1953), 43 Wn. (2d) 691, 263 P. (2d) 830; *Koreski v. Seattle Hardware Co.* (1943), 17 Wn. (2d) 421, 135 P. (2d) 860; *Boeing Aircraft Co. v. Department of Labor & Industries, supra.*

A procedure has always been provided in our workmen's compensation act whereby an employer and his employees engaged in work or occupations not classed as extrahazardous by the act might, by their joint election, accept the provisions of the act. In the original act, such acceptance, when approved by the department, subjected such employer and his employees "irrevocably to the provisions of this act to all intents and purposes as if they had been originally included in its terms." Laws of 1911, chapter 74, § 19, p. 367. (This became Rem. Comp. Stat., § 7696, and we shall trace its amendments to its present form as RCW 51.12.110.)

We do not know how more explicit language could be used to indicate that the elective adoption employer and his elective adoption workmen were to be subject to the other provisions of the act, and, as we shall see, the amendments have been equally specific. By the language quoted, the elective adoption employer and his elective adoption employees certainly became subject to § 1 of that act, which,

after setting forth the conditions which led to the enactment of the workmen's compensation act, concluded as follows:

"The State of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extra hazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." Laws of 1911, chapter 74, § 1, p. 345.

We conclude that it was the intention of the legislature, clearly expressed, that elective adoption workmen who came under the act surrendered the same rights and received the same benefits as workmen in extrahazardous occupations.

The first amendment of the elective adoption section was by Laws of 1923, chapter 136, § 6, p. 402, which amended Rem. Comp. Stat., § 7696. As amended, that section provided a definite and detailed procedure whereby an employer engaged in any occupation not declared to be under the act could bring himself and his consenting workmen under the act. Those who came under the act by virtue of that procedure were declared to be "subject to all the provisions of Section 7673 to 7796 of Remington's Compiled Statutes, and entitled to all of the benefits thereof."

Attention is directed to the fact that the employer and his workmen were specifically "subject to all the provisions of Section 7673 . . . of Remington's Compiled Statutes . . ." (same as § 1 of the original act), which contained the provision abolishing all common-law actions for injuries of workmen in extrahazardous occupations. We conclude, as before, that it was the intention of the legislature, clearly expressed, that elective adoption workmen under the act surrendered the same rights and received the same benefits as workmen in extrahazardous occupations.

The next and last amendment to the elective adoption section was by Laws of 1929, chapter 132, § 5, p. 343. It is a re-enactment of Rem. Comp. Stat., § 7696, as amended in 1923, with an added proviso not here material, except that it makes clear that the legislative intent is that those coming under the act by elective adoption are "entitled to all of the benefits and all of the liabilities" of the act.

From 1929 to the commencement of this action, there have been no changes in the elective adoption section, and no changes in the wording of § 1 of the original act (Laws of 1911, chapter 74, p. 345, Rem. Comp. Stat., § 7673, now RCW 51.04.010), abolishing all common-law actions by workmen under the act for injuries sustained in the course of their employment.

We find no basis for the assertion in the brief of the appellant (the elective adoption workman) that the only right he surrendered when he came under the workmen's compensation act was the right to sue his employer. He unquestionably surrendered the same rights that a workman in an extrahazardous occupation surrendered, *i.e.*, all common-law actions for injuries sustained in the course of his employment, except as otherwise provided in the act.

If, by reason of RCW 51.04.010, *supra*, he had no cause of action, the order of dismissal was proper. If he was given a cause of action for his injuries by RCW 51.24.010, *supra*, he cannot maintain such an action against the present defendant, because of the immunity proviso which is part of that section, and his action was properly dismissed.

Judgment of dismissal affirmed.

SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.

ROSELLINI, J. (concurring in part and dissenting in part)— I concur with the majority that by the provisions of RCW 51.12.110 an elective adoption employer and his elective adoption workman are subject to all the benefits and detriments of the workmen's compensation act. However, this fact should not bar such an employee from maintaining a personal injury suit against a third-party employer covered

by the act who is engaged in extrahazardous employment at the time of the accident. My dissent in the case of *Hand v. Greyhound Corporation,* 49 Wn. (2d) 171, 299 P. (2d) 554, fully expresses my reason for this conclusion.

The 1957 legislature adopted the reasoning of the *Hand* dissent by enacting chapter 70, Laws of 1957, § 23, p. 279, which removes the immunity proviso of RCW 51.24.010.

Therefore, I would reverse the judgment.