[No. 15655. Department Two. June 29, 1920.]

## MINNIE TEED, *Respondent*, v. BROTHERHOOD OF AMERICAN YEOMEN, *Appellant*.[1]

INSURANCE (26)—INSURABLE INTEREST—DIVORCED WIFE. Where, at the time of granting a divorce to a wife who was the beneficiary named in a policy of fraternal insurance, the certificate was delivered to her, her insurable interest did not expire upon the procurement of the divorce; and the existence of an insurable interest at the maturity of the policy is unnecessary to enable her to collect thereon.

INSURANCE (207)—STATUTES (83)—WHO MAY BE BENEFICIARIES— DIVORCED WIFE—RETROSPECTIVE LAWS. Rem. Code, § 6059-211, passed in 1911, limiting the payment of fraternal benefits to a wife and certain relatives, does not operate retrospectively, so as to avoid a certificate that, prior to 1911, named as a beneficiary a wife who was thereafter divorced; especially in view of § 6059-221 which provided that nothing in the act should prevent any society from continuing all contracts theretofore made in this state.

INSURANCE (203)—FORFEITURE—ESTOPPEL OR WAIVER—POWERS OF LOCAL AGENT. A fraternal insurance company is estopped to claim that a divorced wife was not a legal beneficiary, where, on application to change the beneficiary to a son, the local officer, charged with the duty of collecting dues, advised against the change as unnecessary and the company thereafter accepted premiums paid by the divorced wife.

INSURANCE (161)—LIMITATION OF ACTIONS—DEATH NOT KNOWN. The provision in a benefit certificate that no action thereon shall be maintained unless brought within one year of the date of the death, does not bar an action where the death of the member was not known to either the beneficiary or the society within the year, and all dues were regularly paid.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 9, 1919, in favor of the plaintiff, in an action on a benefit certificate, tried to the court. Affirmed.

*John D. Denison* and *Grass & Horr,* for appellant.

*Gay & Griffin,* for respondent.

[1]Reported in 190 Pac. 1005.

MOUNT, J.—This action was brought to recover upon a fraternal beneficiary policy of insurance. It was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff for $899.80, with interest. The defendant has appealed from that judgment.

There are no disputed facts in the case. The facts may be stated briefly as follows: The appellant is a fraternal beneficiary association organized and doing business under the laws of the state of Iowa, and authorized and licensed to do business in this state. On June 28, 1900, it entered into a contract with Benjamin F. Teed, of Kent, Washington, under which it issued to him the benefit certificate in question. Under the contract, the insured agreed to be bound by all the laws of the defendant association "now in force and which may hereafter be adopted and which are hereby made a part of this contract." In this benefit certificate as originally issued, Ella Teed, related to the insured as wife, was named as beneficiary. Thereafter Ella Teed died, and on October 7, 1907, Margaret Hodden, related to the insured as mother-in-law, was named as beneficiary. Thereafter, on the 27th day of March, 1909, the insured married Minnie Teed, respondent. And on the 27th day of July, 1909, Minnie Teed, then related to the insured as wife, was, in accordance with the by-laws of the appellant association, substituted as beneficiary.

In October of 1909, Minnie Teed also took out a benefit certificate in the appellant association, and in this certificate her husband, Benjamin F. Teed, was named as beneficiary. Under some agreement between Minnie Teed and her husband after these beneficiary certificates were issued, Mrs. Teed has continually paid the dues for both certificates to the appellant company.

On the 17th day of September, 1913, Minnie Teed and Benjamin F. Teed were divorced. At that time the certificate of insurance upon the life of Benjamin F. Teed was delivered to Mrs. Teed. She has retained possession thereof ever since. After the divorce, Mrs. Teed and Mr. Teed desired to have the certificates of insurance changed so that the beneficiary named therein should be the grandson of Mrs. Teed. They made application therefor to the local correspondent of the appellant at Kent, and were then advised by the local correspondent not to make such transfers because the policies were valid, but to allow the policies to stand as they were and to continue to make their payments. This method was afterwards pursued.

On April 3, 1916, while these certificates of insurance were in full force and the dues were fully paid, Benjamin F. Teed died. The respondent, Minnie Teed, at that time was absent from the state of Washington and his death did not become known to her until after the 5th day of January, 1918. In the meantime she had made all payments as required by the contract of insurance, and on learning of the death of Benjamin F. Teed, she furnished proofs of death and demanded payment of the certificate of insurance in which she was named as beneficiary. The company refused to pay upon the ground that more than a year had elapsed after the death of the insured, and upon the further ground that she was not a legal beneficiary under the laws of this state. At that time they tendered back to Mrs. Teed the premiums and dues which she had paid after the death of Mr. Teed.

The first contention of the appellant is to the effect that the respondent had no insurable interest in the life of Benjamin F. Teed after the date of her divorce from him. A number of authorities are cited to that effect in the appellant's brief. This court has passed

upon that question in the case of *Humphrey v. Mutual
Life Ins. Co.,* 86 Wash. 672, 151 Pac. 100. In that case
we recognized the fact that the question was one upon
which the authorities were not agreed, but we held, in
accord with the apparent weight of authority, that,
where a wife had an insurable interest at the time her
husband assigned to her a policy of insurance upon his
life, the existence of an insurable interest at the ma-
turity of the policy is unnecessary, and her interest
in the policy does not expire upon the procurement of
a divorce. The ruling there is conclusive of the point
in this case.

The main point, and the one upon which appellant
apparently relies, is that, under the laws of this state,
the respondent is not entitled to the benefits of this
certificate because she is not related to the insured as
required by the statute. The statute, by § 6059-211,
Rem. Code, provides:

"The payment of death benefits shall be confined to
wife, husband, relative by blood to the fourth degree
ascending or descending, father-in-law, mother-in-law,
daughter-in-law, stepfather, stepmother, stepchildren,
children by legal adoption, or to a person or persons
dependent upon the member:    .    .    .    Within the
above restrictions each member shall have the right
to designate his beneficiary, and, from time to time,
have the same changed in accordance with the laws,
rules, or regulations of the society, and no beneficiary
shall have or obtain any vested interest in the said
benefit until the same has become due and payable
upon the death of the said member: Provided, that
any society may, by its laws, limit the scope of bene-
ficiaries within the above classes."

This statute was passed in 1911. Laws of 1911, p.
279, § 211. It was not in effect when the policy in this
case was issued, nor was it in effect when the respond-
ent was made beneficiary in the certificate of insur-
ance. No doubt, if this law had been in effect at that

time and the beneficiary in the certificate had not been married to the respondent, he could not have named her as a valid and legal beneficiary. But, at the time the respondent was named as beneficiary in the certificate, she was the wife of the insured. She was entitled under the law to be named as beneficiary. That status remained to her thereafter. *Humphrey v. Mutual Life Ins. Co., supra.*

So the question now is, Did the enactment of this law take away from the respondent her rights in this policy of insurance because it provides: "The payment of death benefits shall be confined to wife." We have held, and the rule is, that statutes will not be construed to operate retrospectively unless the intent that they shall do so is plainly expressed. *Rogers v. Trumbull,* 32 Wash. 211, 73 Pac. 381. We find nothing in this statute expressing such an intention. On the other hand, Rem. Code, § 6059-221, providing for the manner in which foreign corporations may be permitted to do business in this state, provides:

"That nothing contained in this or the preceding section shall be taken or construed as preventing any such society from continuing in good faith all contracts made in this state during the time such society was legally authorized to transact business herein."

We think it is apparent from this provision that it was not the intention of the legislature, in passing this act, to make it retroactive, or to nullify or change in any way any of the contracts theretofore made by fraternal insurance companies.

We are furthermore of the opinion that the appellant at this time is estopped from raising this question. The insured and the beneficiary named in the policy, after the divorce was granted, applied to the local officer who conducted the correspondence of the appellant and to whom the premiums and dues were

paid and forwarded, and this officer notified the parties that it was not necessary to change the beneficiary and advised them to keep on paying their premiums, which they did. The appellant accepted the premiums from that time down until after the death of the insured. We have held in the case of *Kennedy v. Supreme Tent of Knights of Maccabees*, 100 Wash. 36, 170 Pac. 371, that the secretary of a subordinate lodge, charged with the collection and remittance of dues, is such an agent that in the performance of his duties his mistakes could be chargeable as the act of the principal. It follows in this case that the appellant is estopped to say that the beneficiary here is not a legal beneficiary.

Some contention is also made by the appellant that the action was not brought within the time limited by the policy. The policy provides:

"No action can or shall be maintained on this certificate unless brought within one year of the date of death or disability of said member."

The action was not brought within one year from the death of the member because his death was not known either to the beneficiary or to the insurer. The premiums and dues were regularly paid and the policy was kept alive and no default was made therein. This provision in the policy was plainly for the purpose of limiting the time when an action might be brought after a dispute arose after maturity of the policy. This provision, we think, does not cover a case where the insured dies and the death is not known either to the insurance company or to the beneficiary in the policy within the year, where the policy is kept alive by the regular payment of dues or premiums and the policy is not known to be matured. No authorities are cited in support of the appellant's position, and we are

of the opinion that this provision does not apply to the facts in this case. We find no error in the judgment, and it is therefore affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.