[No. 22808. Department One. March 12, 1931.]

THE STATE OF WASHINGTON, *on the Relation of Harry Chapman, Appellant,* v. FRANK EDWARDS *et al., Respondents.*[1]

[1]Reported in 295 Pac. 1017.

*Guy E. Dunning* and *George E. Flood,* for appellant.
*A. C. Van Soelen* and *Glenn E. Wilson,* for respond-
ents.

MAIN, J.—By this action, the relator sought a writ
of mandamus directing the board of trustees of the
firemen's relief and pension fund of the city of Seattle
to retire him upon a pension. To the amended affidavit
and application for the writ, the board demurred and
answered. The demurrer was sustained, and, the re-
lator refusing to plead further, judgment was entered
dismissing the action, from which he appeals.

The facts are these: The appellant became a mem-
ber of the fire department of the city of Seattle Jan-
uary 1, 1921. July 17, 1922, he was injured while in
the performance of his duties as a member of the de-
partment. As a result of the injury, he was in the
hospital for some weeks, and did not return to active
duty for approximately five and one-half months, or
January 1, 1923. December 20, 1925, the appellant,
while performing duties in the fire department, injured
his back in the region of the injury received July 17,
1922, aggravating the old injury, and causing him to
retire from active duty for a period of eighty-one days.
The board allowed him full pay for sixteen days of
this period, and placed him on the permanent disability
list for the remaining sixty-five days, allowing him
half pay for the latter period. March 10, 1926, the
appellant again returned to active duty, and subse-

270

quently did not apply for retirement. In April, 1927, he was, for cause, dismissed from the department. May 11, 1928, he made application to the board for a pension based upon his disability received in the line of duty, but no action was taken upon this application. May 7, 1929, he again made application for a pension, and the board declined to grant the application.

August 2, 1929, at a regular meeting, without hearing evidence in support of the appellant's claim, the board decided that appellant was, as a matter of fact, totally and permanently disabled in the line of duty, and entitled to a pension; but, solely because of a question of law, it could not then grant a pension, and requested the Seattle civil service department to reinstate him in the fire department, in order to eliminate the question of law which then prevented the board from granting the pension. The civil service commission declined to make the reinstatement, believing that it had no right to do so. December 1, 1929, the appellant and his attorney presented themselves, in response to an invitation by the board of trustees of the firemen's relief and pension fund, prepared to present the appellant's claim for a pension, but the board declined to hear them or permit them to present evidence.

March 3, 1930, the appellant filed his affidavit and application for writ of mandate in this action, and subsequently, as above indicated, the demurrer thereto was sustained, and the alternative writ, which had previously been issued, was quashed. By this action, the relator sought an order directing the board of trustees of the firemen's relief and pension fund to grant him a pension, as required by law, and retire him as and from the date of his separation from the service.

The first question is whether the superior court

had the power or authority to review the action of the board.

Section 9571, Rem. Comp. Stat., which is one of the sections of the firemen's relief and pension fund law, in part provides as follows:

"Said board shall hear and decide all applications for such relief or pensions under this act, and its decisions on such applications shall be final and conclusive and not subject to revision or reversal except by the board."

By this statute, the action of the board is, in plain language, made final and conclusive, and it is expressly provided that the ruling thereof shall not be subject to revision or repeal, except by the board. In *State ex rel. Criswell v. Board of Trustees of Firemen's Relief Pension Fund*, 93 Wash. 468, 161 Pac. 361, it was held that, under the provisions of the firemen's relief and pension fund law, providing that the board of trustees of the firemen's relief fund should hear and decide all applications for relief or pensions under the act, and that its decisions on such applications should be final and conclusive on the courts, mandamus would not lie to inquire into the correctness of the ruling of the board, or review its action in denying an application for permanent relief under the act.

In that case, the widow of a deceased fireman filed with the board a claim for the sum of one thousand dollars, payable by the terms of the act to a widow of a fireman who had served as such for two years, and who died from natural causes. Her claim was disallowed by the board, and she applied for a writ of mandamus in the superior court to enforce the allowance of the claim. The court denied the application, on the ground that the action of the board thereon was final and conclusive. From this order, the widow ap-

pealed. In the course of the opinion in that case, it was said:

"The conclusiveness of the order of the board of pensions is urged in this court. The contention we think must be sustained. It is within the power of the legislature, when enacting a statute creating a new right with its remedy, to vest in some board or person power to adjudicate all matters arising under the statute, and to make such adjudication final and conclusive.

"The appellant contends that the statute properly construed gives the pension board exclusive jurisdiction over matters of temporary relief and pensions only, and does not include the claim made by the appellant. But a reading of the act convinces us that all questions concerning the administration of the act were vested in the board; the power to determine who were entitled to the fixed sum, as well as to determine who were entitled to temporary relief or to pensions under the act.

"The further claim that the right to the relief demanded is a vested right and thus subject to a determination by the courts is also without foundation. Whether the right was vested is subject to inquiry, and since the legislature has vested the board of pensions with full power and authority to determine the inquiry, its conclusion on the question is as final as it is on any other matter of which it is granted complete jurisdiction."

There the court held that the question of whether the relief demanded was a vested right, which was a question of law, was for the determination of the board. In the case now before us, it is apparent, when the entire application and affidavit is considered, that the board denied the pension because, prior to his dismissal, the appellant had presented no notice of, or claim for, disability, on account of which he desired to be retired on a pension. Section 9570, Rem. Comp. Stat., provides:

"No person who has resigned or been dismissed from such fire department, or who refuses to comply with the orders of the board of trustees, shall be deemed entitled to any relief or pension from said fund, except in cases where notice of, or claim for disability has been filed with the board before such resignation or dismissal."

In denying the relief claimed, the board was passing on a question of law—the construction of this statute —and, under the case above cited, its decision is final and conclusive.

■ It is said that the board, in the present case, acted arbitrarily, in that it refused to hear the appellant and his counsel, and permit them to present evidence. Assuming, without deciding, (a) that the board did act arbitrarily in this regard, and (b) that, by reason of such arbitrary action, relief was available to the appellant in an action of this character, mandamus, it would avail the appellant nothing, because the board decided the question of law correctly, and it would serve no useful purpose to direct the return of the case in order that the board might again decide the same question.

The case of *Carleton v. Board of Police Pension Fund Commissioners,* 115 Wash. 572, 197 Pac. 925, was a certiorari proceeding, and not mandamus. It was held there that, by that proceeding, the court had power to inquire into whether the board of police commissioners had pursued its authority in the manner required by law, and had properly proceeded in the exercise of its authority. That case does not support the appellant's position in the case now before us.

■ The next question is whether the appellant is entitled to relief under § 9, chapter 86, of the Laws of 1929, p. 150, which amended § 9570, Rem. Comp. Stat.

Under the law as amended, the necessity of notice of, or claim for, disability being filed with the board before dismissal or resignation, has been eliminated; in other words, under the 1929 act, notice or claim is not necessary, if the other provisions of the act are complied with. If the appellant is entitled to relief by virtue of this later act, it is because the act is retro-active. Section 17 of the 1929 act provides that

"Nothing contained in this act shall affect, or be construed as affecting, the validity of any act done, obligation entered into or rights accrued, or any proceeding had or pending under the act of which this act is amendatory." Laws of 1929, p. 157, § 17.

It is a rule of construction that a statute will not be given a retroactive effect, unless, by its terms, it is shown clearly that that was the legislative intent. *Graves v. Dunlap*, 87 Wash. 648, 152 Pac. 532, Ann. Cas. 1917B 944, L. R. A. 1916C 338; *Pierce v. Pierce*, 107 Wash. 125, 181 Pac. 24. We think it is plain that it was not the legislative intent to make the 1929 act retroactive.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and PARKER, JJ., concur.