[No. 24048. *En Banc.* February 27, 1933.]

ERNEST C. DENNING, *Appellant,* v. ALARIK W. QUIST *et al., Respondents.*[1]

[1]Reported in 19 P. (2d) 656.

84

*Wm. Martin,* for appellant.

*Eggerman & Rosling* and *W. S. Greathouse,* for respondents.

HOLCOMB, J.—Appellant commenced this action in the lower court to recover damages on account of the alleged negligence of respondents, the husbands, who henceforth will be mentioned as if the only respondents. Appellant alleged in his complaint, in so far as is here material:

"That at all times hereinafter mentioned, and particularly on or about the 9th day of May, 1929, the said defendants A. W. Quist and A. S. Downey were the general contractors doing business under the said firm name of A. W. Quist Company in the construction and building of an addition to the St. Johns Hospital at Port Townsend, Washington, several stories in height, and, for the purpose of constructing and building said addition, said co-partnership defendants erected, owned and operated an elevator or hoist at said new addition for the purpose of raising and lowering material used by said defendants and their subcontractors in the construction of said building.

"That Ne Page McKenny Company, a corporation, had a subcontract under the defendants to construct and install the electric wiring for said building.

"That on or about the 9th day of May, 1929, the

plaintiff was a servant of the said NePage McKenny Company and was working upon said building installing the electric wiring therein. That the said defendants hoisted upon said elevator a quantity of material to be used in installing electric wiring in said building to the second floor thereof for the use of the plaintiff, and the plaintiff went upon said elevator to remove said material and, as he stepped upon the same, the cable used by the said defendants in hoisting and lowering said elevator gave way, broke, and allowed the said elevator with the plaintiff thereon to suddenly and violently fall to the bottom of said elevator shaft, damaging and injuring the plaintiff in the manner and to the extent hereinafter alleged, all of which damages and injuries were due to and caused by the carelessness and negligence of the defendants, their servants, agents and employees as hereinafter set forth.''

Respondents demurred to the complaint, claiming its insufficiency in stating a cause of action, and also challenging the jurisdiction of the court. This demurrer being overruled, they answered to the merits and affirmatively pleaded facts showing appellant to have been engaged in extrahazardous employment at the time he was injured, and that his employer, Ne Page McKenny Company, the subcontractor, and also respondents, the general contractors engaged in the construction of the building, were thereby also engaged in the same extrahazardous work in which appellant was engaged. The affirmative facts, so pleaded, were essentially the same that appeared in the above quoted language of the complaint. Upon the pleadings so framed, the cause was tried.

When appellant was about to introduce evidence in his behalf, respondents again orally challenged the sufficiency of the complaint in stating a cause of action, and also challenged the jurisdiction of the court; and moved that the action be dismissed upon substantially the ground that the allegations of the

complaint showed appellant to have been engaged in extrahazardous employment at the time he was injured, and that his employer and respondents, the general contractors engaged in the construction of the building, were all thereby engaged in the same extrahazardous work; because of which, appellant had no right to recover against respondents, but should seek relief, if entitled to any, against the state workmen's compensation fund. After argument, the trial court sustained these challenges and motion, and rendered its judgment that the action be dismissed with prejudice, from which judgment, Denning has appealed.

In chapter 74, Laws of 1911, p. 346, § 2 (Rem. Rev. Stat., § 7674), "buildings being constructed" is stated to be an extrahazardous work. This has remained the law up to the present time. Hence, it is plain by the allegations of appellant's complaint that, when he was injured, he was engaged in extrahazardous employment. It is equally plain that, when he was injured while so employed by Ne Page McKenny Company, the subcontractor in the construction of the building, that company was so engaged in an extrahazardous work; and that respondents as general contractors were engaged in the extrahazardous work of constructing the building when appellant was injured. This has remained the law since the original enactment of that chapter, though the exceptions there referred to, which are embodied in that chapter, have, by amendments thereto, undergone some changes.

In *Robinson v. McHugh*, 158 Wash. 157, 291 Pac. 330, we, in effect, held that the excepted rights of action upon which a workman might sue in the courts for injuries suffered by him while engaged in extrahazardous employment, became, in legal effect, statutory rights of action, and not common law rights of action. That decision was adhered to by the court

sitting *En Banc* upon a rehearing of that case. 160 Wash. 703, 295 Pac. 921. Our *En Banc* decision in *Denning v. Quist,* 160 Wash. 681, 296 Pac. 145, was also to the same effect. Therefore, it is settled law that whatever right of action in the courts appellant may now have, or heretofore had, since the original enactment of chapter 74, Laws of 1911, p. 345, Rem. Rev. Stat., § 7673, is a statutory right, and not a common law right. Whether or not he now has, under chapter 90, Laws of 1931, p. 263, Rem. Rev. Stat., § 7697, a restored statutory right of action taken from him by chapter 132, Laws of 1929, p. 325, Rem. Rev. Stat., § 7675, is the question to decide.

Section 3 of chapter 74, Laws of 1911, p. 346, was amended by chapter 120, Laws of 1917, p. 474; chapter 131, Laws of 1919, p. 340; chapter 182, Laws of 1921, p. 719; chapter 310, Laws of 1927, p. 813; and chapter 132, Laws of 1929, p. 325. See Rem. Rev. Stat., § 7675, and Rem. 1927 Sup., § 7675. The 1929 amendment became effective on June 12, 1929. So far as need be here noticed, it reads:

"Except when otherwise expressly stated, employer means any person, body of persons, corporate or otherwise, and the legal personal representatives of a deceased employer, all while engaged in this state in any extra-hazardous work or who contracts with another to engage in extra-hazardous work.

"Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, in the course of his employment: Provided, however, That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, . . . *Provided, however, That no action may be brought against any employer or any workman under this act as a third*

*person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under this act."* (Italics ours.)

The italicized portion of this quoted language is to be particularly noticed. Prior to that amendment, the statutory right of an employee, we shall assume, was that he could maintain an action in the courts against one other than his employer, situated as were respondents with reference to appellant, causing him injury by negligence, as alleged in this action.

It is alleged that, on May 9, 1929, appellant was injured while engaged in an extrahazardous employment while so employed by Ne Page McKenny Company. This, of course, was before the effective date of the above quoted amendment of 1929. On June 26, 1929, appellant commenced an action against respondents in the superior court for damages for the same injuries for which he seeks recovery in this action. In that action, he was awarded recovery. These respondents appealed from that judgment to this court, and on February 16, 1931, by an *En Banc* decision, that judgment was reversed and the action ordered dismissed. We held that Denning did not have any right of action, the decision being rested upon the theory that his asserted right of an action maintainable in the courts must be denied him, under the italicized portion of the above quoted amendment of 1929. See *Denning v. Quist, supra.*

On March 19, 1931, chapter 90, Laws of 1931, p. 263 (Rem. Rev. Stat., § 7697), was enacted, the governor approving it on that day, amending § 6, chapter 132, Laws of 1929, p. 325. The title to that act reads:

"An Act relating to proceedings before the Department of Labor and Industries and appeals from orders, decisions and/or awards thereof; and appeals to the

superior court from orders, decisions and/or awards of the joint board of said department, and reserving to all parties having a cause of action existing at the time Chapter 132 of the Session Laws of 1929 took effect, to bring and prosecute proceedings and/or action thereon, and amending Section 6 of said Chapter 132 of the Session Laws of 1929, and declaring that this act shall take effect immediately.''

That act contains but two sections, which, so far as pertinent here, in the enacting clause, read:

''Section 1. That section 6 of chapter 132 of the Session Laws of 1929, be amended to read as follows:

''Section 6. . . . [Here follows only prescribed procedure to be followed by claimants and the department of labor and industries looking to the adjustment of claims of employes injured in extrahazardous work; and relating also to appeals from the decisions of the department to the superior court, and, in turn, to the supreme court.] *This act shall not affect any cause of action existing at the time said chapter 132 of the Session Laws of 1929 became effective, or the right to take and appeal and/or bring an action thereon, or any appeal pending, or right of appeal existing at the time said chapter 132 of the Session Laws of 1929 became effective.*

''Sec. 2. This act is necessary for the immediate support of the state government and its existing public institutions, and shall take effect immediately.''

We italicize the concluding language of § 1, which will be particularly discussed. By the emergency clause of that amendatory act, it became effective on March 19, 1931, the day of its approval by the governor.

Following our decision denying recovery to Denning, as above noticed, and soon after the approval by the governor of chapter 90, *supra,* his counsel filed a petition for rehearing in that cause calling our attention to, and relying upon, the above quoted italicized language of that chapter as restoring to him the right to maintain an action in the courts seeking recovery for

his injuries suffered in the course of his extrahazardous employment, as such right existed prior to the enactment of the amendatory chapter 132, Laws of 1929, p. 325. This court, upon consideration of the petition, amended its decision on May 14, 1931, and entered an order directing the superior court to dismiss the action "without prejudice;" thus preventing the dismissal of the action from becoming *res judicata* as against Denning, but not deciding what his right might be under the above quoted italicized language of chapter 90, *supra*. Thereafter, on July 31, 1931, appellant commenced this action in the superior court, which was determined by dismissal, as above noticed.

It is contended in his behalf that the above italicized language of chapter 90, *supra,* restored to him his right of action in the courts existing up to the time that chapter 132, Laws of 1929, p. 325, became effective, which, as we held in *Denning v. Quist, supra,* had deprived him of all right of action in the courts to recover for his injury against a third party situated as were respondents in their relation to his extrahazardous employment. The language of the 1931 amendment relied upon is:

"This act shall not affect any cause of action existing at the time said chapter 132 of the Session Laws of 1929 became effective, or the right to take an appeal and/or bring an action thereon, or any appeal pending, or right of appeal existing at the time said chapter 132 of the Session Laws of 1929 became effective." Rem. Rev. Stat., § 7697.

Although the language above quoted is somewhat vague and uncertain, all parts of an act may be considered to ascertain the legislative purpose, and it is manifest by the title to the act that it was the purpose of the legislature to "reserve" to all parties having causes of action existing at the time chapter 132,

*supra,* took effect, "to bring and prosecute proceedings or action thereon," to restore or reserve to some person or persons having some kind of a right of action, such right. It would seem that the rights intended to be restored, or reserved, or not affected, were such as that of appellant here. It is a rule of statutory construction almost universal that it is the duty of the courts to give such construction to the language of a statute as will make it purposeful and effective, rather than futile and meaningless.

Unless, as above indicated, it was the sole purpose of the legislature in enacting chapter 90, *supra,* to permit persons having causes of action against third parties to recover damages from them on account of their negligence, although that was a statutory action, or rather a statutory election, the legislation was meaningless and ineffective.

For the foregoing reasons, the judgment of the trial court dismissing the action is reversed, with instructions to reinstate it and for further proceedings.

BEALS, C. J., BLAKE, TOLMAN, STEINERT, and MILLARD, JJ., concur.

PARKER, J. (dissenting)—I do not concur in the conclusion reached in the foregoing majority opinion. The language of the 1931 act is:

"This act shall not affect any cause of action existing at the time said chapter 132 of the Session Laws of 1929 became effective, or the right to take an appeal and/or bring an action thereon, or any appeal pending, or right of appeal existing at the time said chapter 132 of the Session Laws of 1929 became effective." Rem. Rev. Stat., § 7697.

The words "this act," as therein used, manifestly mean this amendatory act. This, I think, does not create or restore any right which was taken away by

chapter 132, Laws of 1929, p. 132. The language is "shall not affect." There is no attempt whatever to define what right is in existence or may have been in existence which could be affected by this 1931 amendment. As I see it, this is not a repeal or in any sense a limitation upon the full force and effect of the above italicized language of chapter 132, Laws of 1929, p. 325.

It is argued that the evident intent of the act of 1931 is to restore the right of action here claimed in behalf of Denning. It seems to me that this argument is not sound, in view of the fact that that act, apart from the particular language thereof here relied upon, has to do with nothing but procedure to be followed in adjusting claims of employes against the workmen's compensation fund, appeals from decisions of the department thereon to the superior court, and, in turn, appeals to the supreme court; and in view of its being, in terms, an amendment to § 6 of chapter 132, Laws of 1929, p. 325, which was a pure procedure section.

The manifest purpose of the above italicized language of the act of 1929, plainly expressed, was to take from an employe the right to sue in the courts another employer, as well as to take from an employe the right to sue his own employer, when such other employer is engaged in the same extrahazardous work in which the employe is injured. To allow such recovery in the courts would be to allow recovery therein against an employer who is under the workmen's compensation law, and obligated to contribute to the fund for the benefit not only of his or its own employes but for the benefit of the very employe seeking such a remedy in the courts. I think we should not hold this provision of the act of 1929 repealed or in any manner superseded by the act of 1931.

I do not overlook the language of the title of the act of 1931 which the majority invoke in aid of their conclusion. Of course, when the enacting language of an act is of uncertain meaning, the language of its title may be of some aid in determining the meaning of the enacting language; but I see no uncertainty in the enacting language of the act of 1931.

· I am of the opinion that Denning's remedy is against the workmen's compensation fund and not in court against A. W. Quist Company, and that the judgment should be affirmed.

MAIN and MITCHELL, JJ., concur with PARKER, J.