[No. 33864. Department One. December 5, 1956.]

EUGENE HAMMACK *et al., Appellants,* v. MONROE STREET LUMBER COMPANY, *Respondent.*[1]

*Thomas Malott* and *Sidney Schulein,* for appellants.

*Witherspoon, Witherspoon & Kelley,* for respondent.

FOSTER, J.—Appellant Hammack sued the respondent, Monroe Street Lumber Company, for personal injuries and damages to his automobile resulting from an automobile accident. Appellant's employer, Union Iron Works, and

[1]Reported in 303 P. (2d) 1095.

the respondent and its employees were engaged in extra-hazardous employment under the compulsory provisions of the industrial insurance act. The court found, however, that appellant himself was covered only by the elective adoption provisions of that act.[2] By answer, respondent pleaded immunity to the action pursuant to Laws of 1939, chapter 41, § 2, p. 121 [cf. RCW 51.24.010], set out in the margin.[3] The court found that at the time of the injury appellant was in the course of his employment and dismissed his action because of the statutory immunity noticed.

Subsequent to the judgment here under appeal, this court decided *Hand v. Greyhound Corp.*, *ante* p. 171, 299 P. (2d) 554, in which it was held that an employer was immune from suit for personal injuries by the injured workman of another if at the time of the accident such employer and his employees were engaged in an extrahazardous occupation covered by the industrial insurance act. In varying conditions, the immunity proviso has been held applicable or inapplicable (*Koreski v. Seattle Hardware Co.*, 17 Wn.

---

[2] *Pryor v. Safeway Stores*, 196 Wash. 382, 83 P. (2d) 241, 85 P. (2d) 1045 (cf. *O'Brien v. Northern Pac. R. Co.*, 192 Wash. 55, 72 P. (2d) 602; *McClung v. Pratt*, 44 Wn. (2d) 779, 270 P. (2d) 1063).

[3] "Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, in the course of his employment: *Provided, however,* That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case: *Provided, however,* That no action may be brought against any employer or any workman under this act as a third person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under this act. Any such cause of action assigned to the state may be prosecuted or compromised by the department, in its discretion. Any compromise by the workman of any such suit, which would leave a deficiency to be made good out of the accident fund, may be made only with the written approval of the department."

(2d) 421, 135 P. (2d) 860; *McClung v. Pratt,* 44 Wn. (2d) 779, 270 P. (2d) 1063; *Latimer v. Western Machinery Exchange,* 42 Wn. (2d) 756, 259 P. (2d) 623; *Pink v. Rayonier, Inc.,* 42 Wn. (2d) 768, 259 P. (2d) 629; see, also, *Williamson v. Weyerhaeuser Tbr. Co.,* 221 F. (2d) 5, 44 F. Supp. 783; 29 Wash. L. Rev. 190), but because of circumstances presently noticed, analysis of those decisions is unnecessary.

It was proved that appellant filed an industrial insurance claim, a copy of which was admitted in evidence, but the appellant testified that the claim was rejected. The record does not disclose what further disposition of that claim was made, although we were told in argument that a timely appeal had been taken.

*Prince v. Saginaw Logging Co.,* 197 Wash. 4, 84 P. (2d) 397, held that the rejection of an industrial insurance claim on the ground that the workman was not in the course of his employment was *res judicata* in a subsequent action by the workman against his employer. See, also, *Young v. Department of Labor & Industries,* 200 Wash. 138, 93 P. (2d) 337, 123 A.L.R. 1171, and the subsequent action for personal injuries, *Young v. Mason-Walsh-Atkinson-Kier Co.,* 33 F. Supp. 358.

Because it is impossible to say from this record what the ultimate disposition of the industrial insurance claim was, the cause must be remanded to the trial court with directions to make a finding upon that matter and, if necessary, to reopen the case for the reception of evidence in that respect.

Appellant's assignment of error upon the dismissal of his cause of action for damages to his automobile must be sustained. The immunity previously noticed extends only to actions for personal injuries and not to property damage.

That portion of the judgment denying recovery for damages to the automobile is reversed and the cause of action for personal injury is remanded for further findings.

DONWORTH, C. J., SCHWELLENBACH, FINLEY, and OTT, JJ., concur.

---

May 17, 1957. Petition for rehearing denied.