[No. 34512. *En Banc.* May 21, 1959.]

EUGENE HAMMACK et al., *Appellants,* v. MONROE STREET LUMBER COMPANY, *Respondent.*[1]

[1]Reported in 339 P. (2d) 684.

*Thomas Malott* and *Sidney Schulein,* for appellants.

*Witherspoon, Kelley, Davenport & Toole,* for respondent.

*Rosling, Williams, Lanza & Kastner* (*Joseph J. Lanza,* of counsel), *Elliott, Lee, Carney & Thomas* (*Millard C. Thomas,* of counsel), *Hall, Cole & Lawrence,* and *Melvin F. Buol, amici curiae.*

FOSTER, J.—Appellant, plaintiff below, appeals from a judgment dismissing his action for damages resulting from a motor vehicle collision, but, because the sole issue concerns the effect of the repeal of the immunity proviso on prior injuries, Laws of 1939, chapter 41, § 2, p. 121, 123,[2] by Laws of 1957, chapter 70, § 23, p. 279, a detailed statement of the evidence is unnecessary. There was a prior appeal,

---

[2] Part of the section is printed in RCW 51.24.010.

*Hammack v. Monroe Street Lbr. Co.,* 49 Wn. (2d) 581, 303 P. (2d) 1095. It is sufficient to say that both appellant and his employer were engaged in extrahazardous industry as classified by the industrial insurance act, when appellant was injured in a traffic accident on April 4, 1955, with the respondent's truck, which was then being operated by the respondent, also in the course of extrahazardous industry.

Under the statute in force on April 4, 1955, a person classified as a workman under the industrial insurance act, who, at the time of the accident, was in the course of extrahazardous employment for an employer likewise so engaged, had no cause of action against a tort feasor or his employee who was likewise engaged in any extrahazardous employment. *Hand v. Greyhound Corp.,* 49 Wn. (2d) 171, 299 P. (2d) 554. That proviso was dropped in the recast of some of the sections of the industrial insurance act by the legislature in 1957.

By Laws of 1911, chapter 74, § 1, p. 345, which, so far as material, is set out in the margin,[3] a workman's right to sue for an injury sustained in the course of extrahazardous employment was abolished.

By § 3 of that act (the applicable portion of which is set out in Appendix A), if the injury took place off the employer's premises, a workman injured by one other than his employer was afforded a choice of compensation under the industrial insurance act, or the right to sue such third party for the full damage sustained.

In 1927, a change in the statutory definition of "injury"[4]

---

[3] ". . . The State of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extra hazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." Laws of 1911, chapter 74, § 1, p. 345.

[4] For a full history, see *Windust v. Department of Labor & Industries,* 52 Wn. (2d) 33, 323 P. (2d) 241.

made a corresponding change in this section necessary, which, so far as material, is set out in Appendix B. In the amendment, the requirement that the injury occur away from the plant of the employer was deleted, so that, in all cases of injury to a workman by anyone other than his employer, he was given the choice of taking under the industrial insurance act or suing the third party.

Two years later, the right to sue a third party for an injury to a workman was withdrawn if the third party and his employee were in the course of any extrahazardous employment. That provision, so far as material, is as follows:

". . . Provided, however, That no action may be brought against any employer or any workman under this act as a third person if at the time of the accident such employer or such workman was in the course of any extrahazardous employment under this act. Any such cause of action assigned to the state may be prosecuted or compromised by the department, in its discretion. . . ." Laws of 1929, chapter 132, § 1, p. 325, 327.

In *Robinson v. McHugh*, 158 Wash. 157, 291 Pac. 330, and *Denning v. Quist*, 160 Wash. 681, 296 Pac. 145, filed February 16, 1931, it was held that this statute applied to injuries occurring before its effective date. The legislature was in session when *Denning v. Quist, supra,* was filed, and, obviously, to overcome the effect of that decision and of *Robinson v. McHugh, supra,* it enacted Laws of 1931, chapter 90, in § 1, p. 268, of which it is provided:

". . . This act shall not affect any cause of action existing at the time said chapter 132 of the Session Laws of 1929 became effective, or the right to take an appeal and/or bring an action thereon, or any appeal pending, or right of appeal existing at the time said chapter 132 of the Session Laws of 1929 became effective."

A petition for rehearing in *Denning v. Quist, supra,* followed, pursuant to which this court modified its decision by directing dismissal of the first action without prejudice. We said, on the second appeal in that case, 172 Wash. 83, 19 P. (2d) 656:

"Following our decision denying recovery to Denning, as above noticed, and soon after the approval by the governor

of chapter 90, *supra*, his counsel filed a petition for rehearing in that cause calling our attention to, and relying upon, the above quoted italicized language of that chapter as restoring to him the right to maintain an action in the courts seeking recovery for his injuries suffered in the course of his extrahazardous employment, as such right existed prior to the enactment of the amendatory chapter 132, Laws of 1929, p. 325. This court, upon consideration of the petition, amended its decision on May 14, 1931, and entered an order directing the superior court to dismiss the action 'without prejudice;' thus preventing the dismissal of the action from becoming *res judicata* as against Denning, but not deciding what his right might be under the above quoted italicized language of chapter 90, *supra*. . . ."

The legislative disapproval of our decisions that the immunity proviso of 1927 should have a retrospective application was recognized in the second appeal in which the court concluded:

"Although the language above quoted is somewhat vague and uncertain, all parts of an act may be considered to ascertain the legislative purpose, and it is manifest by the title to the act that it was the purpose of the legislature to 'reserve' to all parties having causes of action existing at the time chapter 132, *supra*, took effect, 'to bring and prosecute proceedings or action thereon,' to restore or reserve to some person or persons having some kind of a right of action, such right. It would seem that the rights intended to be restored, or reserved, or not affected, were such as that of appellant here. It is a rule of statutory construction almost universal that it is the duty of the courts to give such construction to the language of a statute as will make it purposeful and effective, rather than futile and meaningless.

"Unless, as above indicated, it was the sole purpose of the legislature in enacting chapter 90, *supra*, to permit persons having causes of action against third parties to recover damages from them on account of their negligence, although that was a statutory action, or rather a statutory election, the legislation was meaningless and ineffective."

Thus the law remained until 1957, when the right to sue any third party without restriction was restored. Laws of 1957, chapter 70, p. 272, amends the bulk of the industrial insurance act, and enacts, as basic law, the division, com-

bination and codification of the session law sections dealt with therein. Section 23, the one in question, so far as material, is as follows:

"If the injury to a workman is due to negligence or wrong of another not in the same employ, the injured workman or, if death results from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this title or seek a remedy against such other, . . ." Laws of 1957, chapter 70, § 23, p. 279.

■ There is not, however, a sign, syllable or word indicating a legislative intention that the removal of the previous restriction should render anyone liable for an accident occurring before the effective date of the 1957 codification.

■ In 1814, Mr. Justice Story, in the *Society for the Propagation of the Gospel v. Wheeler*, No. 13,156, 22 Fed. Cas. 756, defined a retrospective law as follows:

". . . Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective; . . ."

Seventy years later, the supreme court itself approved that definition in *Sturges v. Carter*, 114 U. S. 511, 519, 29 L. Ed. 240, 5 S. Ct. 1014. No American court has ever sustained a statute which created a liability for an act for which, at the time of its occurrence, there was no liability.

On the other hand, the cases are legion in which statutes have been held to be unconstitutional because of an attempt to impose liability for acts when, at the time of the occurrence, there was none. Some are collected in the margin.[5]

---

[5]*Weil v. Taxicabs of Cincinnati, Inc.*, 139 Ohio St. 198, 39 N. E. (2d) 148; *Winfree v. Northern Pac. R. Co.*, 173 Fed. 65; *In re Opinion of the Justices*, 334 Mass. 711, 134 N. E. (2d) 923; *Phillips v. H. A. Marr Grocery Co.* (Okla.), 295 P. (2d) 765; *Swatek Constr. Co. v. Williams*, 177 Okla. 305, 58 P. (2d) 585; *Theodosis v. Keeshin Motor Express Co.*, 341 Ill. App. 8, 92 N. E. (2d) 794; *Yaeger v. Delano Granite Works*, 250 Minn. 303, 84 N. W. (2d) 363; *Slate v. City of Fort Worth* (Tex. Civ.

■■■ Such decisions are well exemplified by *Ford v. City of Caldwell*, 79 Idaho 499, 321 P. (2d) 589 (February 10, 1958). That was an appeal from a judgment of dismissal after a general demurrer had been sustained. A minor sued for personal injury. At the time of the injury, the city of Caldwell was protected against liability by sovereign immunity. Thereafter, the legislature of Idaho enacted a statute waiving sovereign immunity, upon which the minor relied. The supreme court of Idaho affirmed the trial court in its conclusion that the legislature could not constitutionally impose a liability for a past act for which, at the time of the occurrence, there was no liability. The court expressed that view in language so plain that it is incapable of misunderstanding. It said:

"A statute will not be given a retroactive construction by which it will impose liabilities not existing at the time of its passage. United States v. Nez Perce County, D. C. C. D. Idaho 1936, 16 F. Supp. 267, remanded 9 Cir., 1938, 95 F. 2d 232, rehearing denied 9 Cir., 1938, 95 F. 2d 238; Massa v. Nastri, Conn., 3 A. 2d 839, 120 A. L. R. 939; Micamold Radio Corporation v. Beedie, 156 Misc. 390, 282 N. Y. S. 77; In re Karnbach's Estate, 208 Misc. 693, 144 N. Y. S. 2d 872; Scamman v. Scamman, Ohio Com. Pl., 90 N. E. 2d 617; 82 C. J. S. Statutes § 418, p. 995.

" . . .

"A statute affecting vested rights will be construed as operating prospectively only, and not retrospectively. ' A right of defense, not technical, but substantial, resulting in immunity from liability, which has fully vested, is as sacred and as important as a right of action, and is protected from any retroactive legislation in like manner as a vested right of action.' International & G. N. R. Co. v. Edmundson, Tex. Com. App., 222 S. W. 181, 186. See also Massa v. Nastri, supra; Scamman v. Scamman, supra; In re Karnbach's Estate, supra; Ohlinger v. United States, D. C. S. D. Idaho 1955, 135 F. Supp. 40; United States v. Nez Perce

---

App.), 193 S. W. 1143; *Farmers Nat. Bank & Trust Co. v. Berks County Real Estate Co.*, 333 Pa. 390, 5 A. (2d) 94, 121 A. L. R. 905; *Ross v. Lettice*, 134 Ga. 866, 68 S. E. 734; *Gillioz v. Kincannon*, 213 Ark. 1010, 214 S. W. (2d) 212; *State ex rel. Michaels v. Morse*, 165 Ohio St. 599, 138 N. E. (2d) 660.

County, Idaho, supra; Application of Rauer's Collection Co., 97 Cal. App. 2d 248, 196 P. 2d 803; Monacelli v. Grimes, 9 Terry, Del. 122, 99 A. 2d 255; Sowma v. State, 203 Misc. 1105, 121 N. Y. S. 2d 468; Pope v. Pennsylvania Threshermen & Farmers Mut. Cas. I. Co., 176 Pa. Super. 276, 107 A. 2d 191; 82 C. J. S. Statutes § 417, p. 994."

■ The argument is made that the amendment of 1957 relates to the remedy and not to the right, and, therefore, is procedural, but this argument completely overlooks the distinction between rights and remedies. That distinction, however, is too fundamental to be misunderstood. The United States supreme court in *Chelentis v. Luckenbach S. S. Co.*, 247 U. S. 372, 384, 62 L. Ed. 1171, 38 S. Ct. 501, explained it in two sentences:

"The distinction between rights and remedies is fundamental. A right is a well founded or acknowledged claim; a remedy is the means employed to enforce a right or redress an injury. . . ."

■ Judge Neterer, in *Mikkelson v. Pacific S. S. Co.*, 46 F. (2d) 124, 125, made it equally clear. He said:

"Right is a legal consequence which applies to certain facts, and under the new rules a new right is created and based on negligence. Remedy is a procedure prescribed by law to enforce a right. . . ."

■ One of the most gifted law writers of all time, Judge Benjamin Nathan Cardozo, speaking for the New York court of appeals (afterwards Mr. Justice Cardozo of the United States supreme court), described, with his characteristic simplicity, the difference between statutes dealing with substantive rights and those dealing with procedural matters in *Jacobus v. Colgate*, 217 N. Y. 235, 111 N. E. 837, as follows:

"The general rule is that statutes are to be construed as prospective only. . . . It takes a clear expression of the legislative purpose to justify a retroactive application. . . . Changes of procedure, *i.e.*, of the *form* of remedies, are said to constitute an exception . . . , but that exception does not reach a case where before the statute there was no remedy whatever. . . . To supply a remedy where previously there was none of any kind, is to create

a right of action. . . ." (Authorities cited in the original opinion omitted.)

■ It cannot be said that the statutory rearrangement of 1957, in which the third-party immunity proviso was dropped, relates to procedure. On the contrary, it deals exclusively with substantive rights. It creates a right of action where before there was none. Indeed, the line of demarcation can never be sharper. To give it a retrospective application would be to give the appellant a cause of action when, at the time of the accident, he had none. It would impose liability upon the respondent when, at the time of the occurrence, there was complete immunity. No twilight zone exists. It is clear and distinct.

In whatever light the matter is viewed, the fact remains that, at the time of this automobile accident, the respondent was immune from liability for it. Any attempt, therefore, to impose liability after the occurrence would be unconstitutional, but we do not have to reach this question because the legislature has not attempted to make the statute retrospective. It will be time enough to pass upon that question when the legislature attempts to do so.

■ Even if the 1957 recast of the statute contained language from which it could be argued that a retrospective operation was intended, we should avoid that construction if it were at all possible. The United States supreme court in *United States v. Jin Fuey Moy*, 241 U. S. 394, 401, 60 L. Ed. 1061, 36 S. Ct. 658, said:

"A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score. . . ."

■ This court itself announced the same view in *Soundview Pulp Co. v. Taylor*, 21 Wn. (2d) 261, 268, 150 P. (2d) 839, in the following sentence:

". . . In such cases the rule is that, where a statute is open to two constructions, one of which will render it constitutional and the other unconstitutional or open to grave doubt in this respect, the former construction and not the latter is to be adopted. . . ."

Moreover, the repeated decisions of this court hold that a statute will operate only *in futuro* unless the legislature has plainly declared its intention that it shall operate retrospectively. *In re Wind's Estate,* 32 Wn. (2d) 64, 200 P. (2d) 748; *Earle v. Froedtert Grain & Malting Co.,* 197 Wash. 341, 85 P. (2d) 264; *State ex rel. Chapman v. Edwards,* 161 Wash. 268, 295 Pac. 1017; *In re Ziegner's Estate,* 146 Wash. 537, 264 Pac. 12; *Teed v. Brotherhood of American Yeomen,* 111 Wash. 367, 190 Pac. 1005; *East Hoquiam Co. v. Hoquiam,* 90 Wash. 210, 155 Pac. 754; *Graves v. Dunlap,* 87 Wash. 648, 152 Pac. 532, L. R. A. 1916C, 338, Ann. Cas. 1917B, 944; *Heilig v. City Council of Puyallup,* 7 Wash. 29, 34 Pac. 164.

■ In the absence of a legislative declaration, for a court to impose liability for a previous act for which, at the time of its occurrence, the legislature had expressly provided there should be no liability, would, indeed, be judicial legislation. The judicial branch of the government is not endowed with that power.

This disposition of the appeal renders a consideration of the other assignments of error unnecessary.

The judgment is affirmed.

WEAVER, C. J., MALLERY, HILL, DONWORTH, and OTT, JJ., concur.

### APPENDIX A

" . . . *Provided, however,* That if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, . . ." Laws of 1911, chapter 74, § 3, p. 346, 348.

### APPENDIX B

" . . . *Provided, however,* That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; . . ." Laws of 1927, chapter 310, § 2, p. 815, 816.

HUNTER, J. (dissenting)—For convenience and better continuity, the facts and issues will be re-stated in this dissent.

Eugene Hammack (hereinafter referred to as though he

were the sole plaintiff and appellant), an employee of the Union Iron Works, Spokane, Washington, was seriously injured when the automobile he was driving was struck from the rear by an automobile driven by Mr. Grant Sands, on the morning of April 4, 1955. Mr. Sands was employed by the defendant Monroe Street Lumber Company, and the accident occurred while he was on company business. There appears to be no controversy but that the accident was caused through the negligence of Sands.

The plaintiff instituted this action to recover for personal injuries and the damage to his privately owned automobile. In its answer, the defendant pleaded immunity to the action by reason of the Laws of 1939, chapter 41, § 2, p. 123 [cf. RCW 51.24.010], which provides in part:

" . . . That no action may be brought against any employer or any workman under this act as a third person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under this act. . . ."

This defense was pleaded in view of the fact that both the defendant lumber company and the plaintiff's employer come within the provisions of the act, their work having been previously classified as extrahazardous employment.

The trial court found that the plaintiff was in the course of his employment at the time of the collision and dismissed the action on the basis of the immunity clause.

In the first appeal reported in 49 Wn. (2d) 581, 303 P. (2d) 1095 (1956), the remittitur having gone down on May 17, 1957, this court reversed the judgment in part, holding the immunity clause did not bar an action for property damage, and remanded the cause for personal injury for further findings in respect to the disposition of the appellant's claim for compensation under the act for the reason that a rejection of the claim on the ground that the workman was not in the course of his employment would be *res judicata* in a subsequent action against the employer. Therefore, it was necessary to know the outcome of the disposition of this claim, as this court may otherwise have been passing

upon an issue which.. had been previously : adjudicated. Thereafter, the parties stipulated that the trial court should incorporate in its findings an order of the board of industrial insurance appeals *suspending the proceedings before it.* New findings and conclusions were entered incorporating this stipulation and, in accordance with the reversal of this court as to disallowance of damages to the automobile, judgment was entered on September 26, 1957, allowing the plaintiff one hundred dollars property damage and denying any recovery for personal injuries sustained.

The appellant argued in the trial court and in this court that he is entitled to judgment for his personal injuries by virtue of the repeal of the immunity clause. Laws of 1957, chapter 70, § 23, p. 279. In substance, the appellant contends, in so far as essential to our consideration, (1) that the repeal of the third-party immunity statute by the legislature, prior to final judgment in this case having been entered, entitled him to judgment; (2) that the trial court erred in fixing damages for personal injuries and that, in any event, they are grossly inadequate.

The enactment in effect at the time of appellant's injury appears in the Laws of 1939, chapter 41, § 2, p. 123, and provides in part:

"Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, in the course of his employment: *Provided, however,* That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case: *Provided, however, That no action. may be brought against any. employer or. any workman under*

*this act as a third person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under this act. . . ."* (Italics mine.)

The immunity provision, italicized above, was removed in Laws of 1957, chapter 70, § 23, p. 279, and as amended provides:

"If the injury to a workman is due to negligence or wrong of another not in the same employ, the injured workman or, if death results from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this title or seek a remedy against such other, such election to be in advance of any suit under this section and, if he takes under this title, the cause of action against such other shall be assigned to the state for the benefit of the accident fund and the medical aid fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this title for such case: *Provided,* That the injured workman or if death results from his injury, his widow, children or dependents as the case may be, electing to seek a remedy against such other person, shall receive benefits payable under this title as if such election had not been made, and the department for the benefit of the accident fund and the medical aid fund to the extent of such payments having been made by the department to the injured workman or if death results from his injury, his widow, children or dependents as the case may be shall be subrogated to the rights of such person or persons against the recovery had from such third party and shall have a lien thereupon. . . ."

Appellant's contention that the sole defense of respondent has been removed by operation of law requires a retrospective operation of the statute. We stated the rule applicable to such statutory construction in *Pape v. Department of Labor & Industries,* 43 Wn. (2d) 736, 264 P. (2d) 241 (1953):

"Laws may operate either prospectively or retrospectively, or both. A prospective law is one which is to operate in the future—that is, is applicable only to cases arising after its enactment. A retrospective law is one which is made to operate upon some subject, contract, or crime

which existed before the passage of the law. 3 Bouvier's Law Dictionary (Rawle's Third Rev.), 2754 and 2950. A retrospective law, in the legal sense, is one which takes away or impairs vested rights acquired in the existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past. 50 Am. Jur. 492, Statutes, § 476.

"The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In determining such intent, the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes or amendments thereto to operate prospectively only. 50 Am. Jur. 495, Statutes, § 478. It is not necessary, however, that the statute expressly state that it shall operate retrospectively, if such intention can be obtained from the purpose and method of its enactment.

"*This general rule of construction, that the legislature intended an act to operate prospectively only, is not applied when the statute relates to remedies only, and does not affect vested rights. In the absence of language showing a contrary intent, a new law changing a remedy is generally regarded as applicable to all remedies—those which have accrued and those which will accrue in the future. Nelson v. Department of Labor & Industries, 9 Wn. (2d) 621, 115 P. (2d) 1014.*" (Italics mine.)

Applying these rules to the present case, and in the absence of any language indicating legislative intent as to a retrospective operation of the statute, the appellant therefore must come within the above exception (italicized) to prevail. An examination of the history of the workmen's compensation act as originally enacted (Laws of 1911, chapter 74, p. 345) and the successive amendments, makes it abundantly clear that the repeal of the immunity proviso, with which we are concerned in the 1957 enactment, deals with and relates solely to the *remedies* available to workmen for compensation for injuries sustained while in the course of their extrahazardous employment under the act.

The repeal of the immunity proviso, by its omission in the 1957 enactment, removed a bar to a remedy of a workman to sue third party employers or workmen also coming under

the act, for injuries sustained by reason of the latter's tortious conduct.

The problem resolves itself to this single question: Do the employers and workmen under the act, benefited by this provision in the 1939 enactment, have a vested right in this immunity from liability? In *Robinson v. McHugh*, 158 Wash. 157, 291 Pac. 330 (1930), we held:

"Where a tort action can be *brought only by virtue of a statute*, there can be no vested right therein, and the legislature may take away the right at any time. . . ."

The *Robinson* case has since been cited with approval by this court in *Denning v. Quist*, 160 Wash. 681, 296 Pac. 145 (1931); *Pape v. Department of Labor & Industries, supra*; *Hansen v. West Coast Wholesale Drug Co.*, 47 Wn. (2d) 825, 289 P. (2d) 718 (1955).

The rule can be stated with the same force when applied to immunity from suit in a tort action. When this immunity from suit exists only by virtue of a statute, there can be no vested right therein, and the legislature may take away that right at any time.

In the present case, the respondent had no immunity at common law from answering in damages to persons injured as a proximate result of its negligent and tortious conduct. This right to such immunity arose only by virtue of the benefits afforded it as an employer coming within the scope of the workmen's compensation act. This immunity, having been granted by the legislature, may be taken away by it, removing the bar to the exercise of a workman's remedy for injuries suffered. *Robinson v. McHugh, supra*. The removal of the immunity provision of the 1957 statute, being remedial in effect and not disturbing a vested right, comes within the exception to the general rule against retrospective statutory construction. *Pape v. Department of Labor & Industries, supra*.

However, the respondent contends this construction cannot be applied in a case where a right has been reduced to judgment; that a judgment is a property right which the legislature cannot disturb without running athwart of the

due process clause of the, fourteenth amendment of the United States constitution, and Art. I, § 3, of the Washing-. ton state constitution. *Calkins v. Department of Labor & Industries*, 10 Wn. (2d) 565, 117 P. (2d) 640 (1941); *Curry v. Department of Labor & Industries*, 49 Wn. (2d) 93, 298 P. (2d) 485 (1956).

Here the respondent had no judgment at the time of the passage of the 1957 enactment. As stated in *Hammack v. Monroe Street Lbr. Co.*, 49 Wn. (2d) 581, 303 P. (2d) 1095 (1956), on the first appeal of this case:

"Because it is impossible to say from this record what the ultimate disposition of the industrial insurance claim was, the cause must be remanded to the trial court with directions to make a finding upon that matter and, if necessary, to reopen the case for the reception of evidence in that respect.

"Appellant's assignment of error upon the dismissal of his cause of action for damages to his automobile must be sustained. The immunity previously noticed extends only to actions for personal injuries and not to property damage.

"*That portion of the judgment denying recovery for damages to the automobile is reversed and the cause of action for personal injury is remanded for further findings.*" (Italics mine.)

In order to comply with the direction of this court, it was necessary for further findings and conclusions and a new judgment based thereon to be entered. This is precisely what was done, and the judgment appealed from now before this court was entered on September 27, 1957, after the effective date of the 1957 amendment. No property rights of an existing judgment were thereby disturbed by a retrospective operation of the statute.

Appellant contends that, in the event of the favorable ruling of this court on liability, the damages found by the trial court should be set aside as inadequate. An examination of the record does not support this contention.

The judgment of the trial court should be reversed with instructions to enter judgment in favor of the appellant, in accordance with the damages heretofore found by the trial court in the sum of $15,177.64, together with $100 for car

damage, as directed in our judgment on the first appeal, *supra*.

FINLEY and ROSELLINI, JJ., concur with HUNTER, J.

August 14, 1959. Petition for rehearing denied.

