[No. 34907.   Department Two.   May 21, 1959.]

WILLIAM G. BUTERBAUGH, *Respondent*, v. THE BEST PIE CO., INC., *Appellant.*[1]

*Bruce Maines* and *Carl P. Zapp,* for appellant.

*Robert A. Berst* (of *Yothers & Luckerath*), for respondent.

PER CURIAM.—The same basic issue is raised on this appeal that was presented in the immediately preceding case, *Hammack v. Monroe Street Lbr. Co.* (1959), *ante* p. 224, 339 P. (2d) 684.

In an *En Banc* decision we there held that Laws of 1957, chapter 70, § 23, p. 279, which repealed the so-called immunity provision of the workmen's compensation act, as contained in a proviso to § 2, chapter 41, Laws of 1939, p. 121 (See RCW (Sup. 1957) 51.24.010), had no retroactive application and that the immunity provision, where applicable, prevented the maintenance of any action barred thereby for injuries occurring prior to the effective date of the 1957 act, June 12, 1957.

In the instant case, the plaintiff alleged an automobile collision as the result of the defendant's negligence, and sought recovery for personal injuries sustained. The collision occurred March 22, 1957.

[1] Reported in 339 P. (2d) 693.

The defendant alleged, as an affirmative defense, that at the time the alleged injuries were sustained the plaintiff was in the course of his employment as a workman in an extrahazardous activity within the meaning of the workmen's compensation act, and that the defendant and its employee, whose negligence was alleged to have caused the collision, were also engaged at that time in an extrahazardous activity within the meaning of that act. These allegations, if established at the trial, would have barred the action under the terms of the immunity provision to which we have referred.

The trial court concluded that though the 1957 act did not become effective until June 12, 1957, it was retroactive in effect, as to actions being prosecuted subsequent to its effective date, and on April 11, 1958, signed an order striking the affirmative defense.

From a judgment based on a jury verdict for the plaintiff, the defendant appeals, urging that the trial court erred in striking its affirmative defense based on the immunity provision.

For the reasons set forth in the *Hammack* case, *supra,* the trial court erred in striking the affirmative defense. This error makes it necessary to send the case back for a new trial.

HUNTER, J. (dissenting)—I dissent for the reasons expressed in my dissent in the case of *Hammack v. Monroe Street Lbr. Co., ante* p. 224.