FILED
COURT OF APPEALS
DIVISION II

2015 MAR 24 AM 8:34

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BRYENT FINCH and PATRICIA FINCH, a marital community, | No. 45792-0-II |
| Appellants, | |
| v. | |
| THURSTON COUNTY, THURSTON COUNTY SHERIFF'S OFFICE, ROD DITRICH AND JANE DOE DITRICH, INDIVIDUALLY AND AS HUSBAND AND WIFE AND THE MARITAL COMMUNITY COMPRISED THEREOF, | UNPUBLISHED OPINION |
| Respondents. | |

SUTTON, J. — Officer Bryent Finch[1] and Patricia Finch appeal the superior court's order granting partial summary judgment dismissing their strict liability claim[2] against Thurston County, the Thurston County Sheriff's Office, and Rod and Jane Doe Ditrich for injuries suffered when a police dog bit Finch during a search for a robbery suspect.[3]  We hold that (1) the legislature

---

[1] We refer to Officer Bryent Finch individually as Finch.  We intend no disrespect.

[2] The Finches voluntarily dismissed their claims of negligence and intentional infliction of emotional distress after the superior court's ruling, leaving only their strict liability claim.  Thus, our opinion addresses only their strict liability claim.

[3] RCW 4.24.410 grants immunity from any civil action to police dog handlers who use the dog in the line of duty in good faith.  The Finches' arguments relate solely to their strict liability claim against Thurston County; they do not argue that Ditrich's use of the dog was in bad faith.  Under RCW 4.24.410, Rod and Jane Doe Ditrich are immune from any civil liability in this case.  We refer to the remaining two respondents, Thurston County and Thurston County Sheriff's Office, collectively as Thurston County.

abolished strict liability claims for injuries resulting from lawfully used police dogs and (2) the superior court properly dismissed the Finches' strict liability claim because the Finches failed to show a genuine issue of material fact as to an unlawful use of Rex, the police dog. We affirm.

FACTS

I. OFFICER FINCH'S INJURY

On November 14, 2010, Finch, a Tumwater police officer, was dispatched to investigate an in-progress burglary at an abandoned brewery at approximately 7:00 PM. Thurston County Deputy Rod Ditrich and K-9 Rex also responded to the scene after Finch requested assistance. Rex was not leashed.

Finch and Ditrich entered the building to search for the burglary suspect. The building interior was very dark. After Ditrich announced their presence three times without receiving a response from the suspect, Ditrich commanded Rex to search. Rex located a scent and began tracking the suspect through the building. Dietrich and Finch followed the dog.

When Ditrich saw that Rex was tracking directly to the suspect ahead of them, Ditrich called to the dog to come back to him by shouting, "[h]ere, here, here." Clerk's Papers (CP) at 287. Finch, who had been following behind Ditrich, interpreted Ditrich's shouting as telling him where the suspect was located and Finch came up to Ditrich's side. As Finch approached Ditrich, he too saw the suspect and shouted at the person to show his hands. According to Ditrich, Rex believed that Finch was a threat to Ditrich and responded by biting Finch's right testicle and right inner thigh. Ditrich commanded Rex to release Finch from the dog's bite. Ditrich then detained the suspect and Finch drove himself to the hospital. Finch underwent surgery that night and the urologist removed one-quarter of Finch's right testicle.

No. 45792-0-II

## II. LEGISLATURE'S AMENDMENT TO RCW 16.08.040.

In 1941, the Washington Legislature enacted RCW 16.08.040, making a dog owner strictly liable for injuries caused by his or her dog. LAWS OF 1941, ch. 77, § 1.[4] In 2012, the legislature amended RCW 16.08.040 to prohibit strict liability claims for injuries caused by "the lawful application of a police dog." Codified in RCW 16.08.040(2). The amendment, part of Substitute House Bill (SHB) 2191, became effective on June 7, 2012.

## III. PROCEDURE

The Finches sued Thurston County for negligence, intentional infliction of emotional distress, and strict liability under RCW 16.08.040. They filed their complaint on June 6, 2012, one day before the amendment to former RCW 16.08.040 became effective. Both parties moved for summary judgment on the strict liability claim. The superior court granted Thurston County's motion, denied the Finches' motion, and dismissed the Finch's strict liability claim because RCW 16.08.040(2) prohibits strict liability for injuries resulting from lawfully used police dogs. The Finches appeal.

---

[4] That statute remains unchanged today, but is now codified as RCW 16.08.040(1): "The owner of any dog which shall bite any person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness."

3

No. 45792-0-II

## ANALYSIS

We review summary judgment orders de novo. *Durland v. San Juan County*, 182 Wn.2d 55, 69, 340 P.3d 191 (2014). Summary judgment is appropriate only if there is no genuine issue of material fact in the pleadings, affidavits, and depositions on file, and the moving party is entitled to judgment as a matter of law. CR 56(c). We review a trial court's statutory interpretations de novo. *Ass'n of Wash. Spirits and Wine Distribs. v. Wash. State Liquor Control Bd.*, ___ Wn.2d ___, 340 P.3d 849, 853 (2015).

The Finches argue that (1) RCW 16.08.040(2) does not bar their strict liability claim because the amendment applies prospectively and they filed their complaint the day before the amendment's effective date; and (2) alternatively, even if RCW 16.08.040(2) were to apply retroactively, Finch's injuries were not caused by the lawful application of a police dog. We disagree.

## I. THE LEGISLATURE ABOLISHED STRICT LIABILITY FOR INJURIES RESULTING FROM THE LAWFUL USE OF A POLICE DOG

The legislature may abolish an accrued cause of action that does not affect a substantive or vested right. *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 586, 146 P.3d 423 (2006). A cause of action that exists solely "by virtue of a statute" is not a vested right.[5] *Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co.*, 158 Wn.2d 603, 617, 146 P.3d 914 (2006). The legislature can abolish a statutory cause of action even if a plaintiff's lawsuit is pending, but it

---

[5] An accrued cause of action is a vested right only if it "'springs from a contract or from the principles of the common law.'" *1000 Va. Ltd. P'ship*, 158 Wn.2d at 587 (quoting *Robinson v. McHugh*, 158 Wash. 157, 163, 291 P. 330 (1930)).

4

cannot do so after a trial court enters final judgment. *Ballard Square*, 158 Wn.2d at 618; *Wash. State Farm Bureau Fed'n v. Gregoire*, 162 Wn.2d 284, 304, 174 P.3d 1142 (2007).

We review the plain language of former and amended versions of RCW 16.08.040 to determine their plain meaning and give effect to the legislature's intent. *Pac. Marine Ins. Co. v. Dep't of Revenue*, 181 Wn. App. 730, 737, 329 P.3d 101 (2014). If a statute is unambiguous, we apply the plain language and our inquiry goes no further. *Bowie v. Dep't of Revenue*, 171 Wn.2d 1, 11, 248 P.3d 504 (2011). Before the 2012 amendment, former RCW 16.08.040(1) stated that "[t]he owner of any dog which shall bite any person . . . shall be liable for such damages as may be suffered by the person bitten." LAWS OF 1941, ch. 77, § 1. Amended RCW 16.08.040 prohibits strict liability claims against the owner of a lawfully used police dog, stating: "This section does not apply to the lawful application of a police dog, as defined in RCW 4.24.410."[6] RCW 16.08.040(2). The language in both the former and amended versions of RCW 16.08.040 is plain and unambiguous. The Finches had no vested interest in their claim because the superior court had not yet entered final judgment. Thus, the legislature abolished the Finches' strict liability claim against Thurston County when it amended RCW 16.08.040, effective June 7, 2012.

---

[6] RCW 4.24.410(1)(a) defines a "[p]olice dog" as "a dog used by a law enforcement agency specially trained for law enforcement work and under the control of a dog handler." RCW 4.24.410(1)(c) defines a "[d]og handler" as "a law enforcement officer who has successfully completed training as prescribed by the Washington state criminal justice training commission in police dog handling." RCW 4.24.410(2) provides that "[a]ny dog handler who uses a police dog in the line of duty in good faith is immune from civil action for damages arising out of such use of the police dog or accelerant detection dog." The Finches cite this good faith immunity provision as further evidence of legislative intent to subject municipalities to strict liability claims for police dog bite injuries, but that immunity applies to negligence claims, not strict liability claims.

## II. LAWFUL USE OF A POLICE DOG

The Finches argue that the County does not qualify for strict liability immunity under RCW 16.08.040(2) because the County cannot prove that Rex was lawfully used as a police dog.[7] But the Finches present no facts to support this argument. There is no dispute that Finch and Ditrich were searching for a burglary suspect when Ditrich deployed Rex. The fact that Finch was mistakenly bitten by Rex does not convert a lawful use of Rex to an unlawful use. The Finches present no facts to create a genuine issue of material fact as to the unlawful use of a police dog.

Because no Washington appellate court has defined the "lawful application of a police dog," the Finches rely on federal cases to interpret RCW 16.08.040(2). If we were to rely on federal cases, Thurston County cites *Miller v. Clark County*,[8] the only published Ninth Circuit case on this issue, which limited strict liability for police dog bite injuries to only those injuries caused by use of a police dog that violates the Fourth Amendment. We decline to rely on federal cases to interpret RCW 16.08.040(2). We do not reach the issue of defining "lawful application of a police dog" because the Finches did not present any facts to create a genuine issue of material fact as to the unlawful use of Rex.

## CONCLUSION

We hold that (1) the legislature abolished strict liability claims for injuries resulting from lawfully used police dogs and (2) the superior court properly dismissed the Finches' strict liability

---

[7] The Finches also present four alternative arguments. Because we hold that the Finches did not present any genuine issue of material fact as to the lawful application of Rex, we decline to address these alternatives.

[8] *Miller v. Clark County*, 340 F.3d 959, 968 n.14 (9th Cir. 2003) (citing *McKinney v. City of Tukwila*, 103 Wn. App. 391, 409, 13 P.3d 631 (2000)).

No. 45792-0-II

claim because they fail to show a genuine issue of material fact as to an unlawful use of Rex, the police dog. We affirm.

A majority of the panel having decided that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Sutton, J.

We concur:

Worswick, P. J.

Melnick, J.